**UNITED STATES of America, Appellee,**

v.

**Edward Corbit HOULE, Appellant.**

**No. 79–1971.**

United States Court of Appeals, Eighth Circuit.

Submitted March 19, 1980.

Decided April 7, 1980.

---

David Garcia, Devils Lake, N. D., for appellant.

James R. Britton, U. S. Atty., Fargo, N. D., for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

In October 1978, Houle was convicted by a jury of forcibly, and by use of a dangerous weapon, assaulting, resisting, opposing, impeding, intimidating and interfering with law enforcement officers of the United States while in the performance of their lawful duties in violation of 18 U.S.C. §§ 111 and 1114. His conviction was reversed by this court on appeal, on the ground that a rifle, a clip from the rifle, and two spent cartridges seized at the time of his illegal arrest should have been suppressed. *United States v. Houle*, 603 F.2d 1297 (8th Cir. 1979). Houle was retried without the evidence and convicted again in October 1979. This appeal followed.

Houle argues the district court erred in refusing to suppress certain statements made after his arrest, and in failing to instruct the jury on the weight to be given the statements as required by 18 U.S.C. § 3501(a). We affirm.

In Houle's second trial, Officer Larry Falcon testified he overheard Houle brag to his cellmates approximately two hours after his arrest, that he could have shot the officers at a hundred yards if he had wanted to, and that he was going to shoot them when he got out of jail. Falcon testified Houle then turned to him and said, "If you ever come to my house * * * you better stand outside * * * [or] you may get yourself shot." Houle's pretrial motion to suppress these statements as fruit of the illegal arrest was denied by the district court. There is no dispute that the remarks were unsolicited by Officer Falcon, and were not prompted by any interrogation. The strategy of Houle's counsel at trial was to suggest Houle was merely joking.

The circumstances under which a statement which follows an illegal arrest may be admitted into evidence were examined by the Supreme Court in *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The Court held in *Brown* that in order for the causal chain between the illegal arrest and a subsequent statement to be broken, *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), requires that the statement not only meet fifth amendment standards of voluntariness, but that the statement be " 'suffi-

ciently an act of free will to purge the primary taint'" for fourth amendment purposes. *Brown v. Illinois, supra*, 422 U.S. at 602, 95 S.Ct. at 2261, *quoting Wong Sun v. United States, supra*, 371 U.S. at 486, 83 S.Ct. at 416; *accord, United States v. Shavers*, 524 F.2d 1094, 1096 (8th Cir. 1975).

Houle's statements were not prompted by coercion or interrogation and were voluntarily made under circumstances within Houle's control; we hold they were sufficiently an act of free will to purge the primary taint of the illegal arrest, and thus were properly admitted.

■ Houle also argues the district court was required by the terms of 18 U.S.C. § 3501(a) to instruct the jury on the weight to be given the statements.[1] We reject this argument for two reasons. First, Houle's failure to offer an instruction based upon § 3501(a), and his failure to object to the instructions as given, constitute a waiver of any error in this regard. *See United States v. Williams*, 484 F.2d 176, 178 (8th Cir.), *cert. denied*, 414 U.S. 1070, 94 S.Ct. 581, 38 L.Ed.2d 475 (1973).

■ Moreover, we have previously held that statements volunteered to cellmates without interrogation do not require an instruction under § 3501(a). "Informal statements of this kind, although incriminating in effect, by terms of § 3501(d) do not trigger the procedures mandated by § 3501(a)."[2] *United States v. Lambros*, 564 F.2d 26, 31 (8th Cir. 1977), *cert. denied*, 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978).

The judgment is affirmed.

1. 18 U.S.C. § 3501(a) provides:
   In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntari-
ness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

2. 18 U.S.C. § 3501(d) states:
   Nothing contained in this section shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation by anyone, or at any time at which the person who made or gave such confession was not under arrest or other detention.