No. 96-2988

STANLEY WAYNE BREWER,           *
                                *
        Plaintiff-Appellant,    *    Appeal from the United States
                                *  District Court for the
     v.                         *  District of South Dakota.
                                *
UNITED STATES OF AMERICA,       *  [NOT TO BE PUBLISHED]
                                *
        Defendant-Appellee.     *

Submitted:  June 13, 1997

Filed:    August 15, 1997

Before LOKEN, REAVLEY[*] and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Stanley Brewer was convicted of the rape of Jessica Tobacco.  He brought this action under 28 U.S.C. § 2255, seeking a new trial on grounds of ineffective assistance of counsel.  The district court[1] denied the motion for new trial.  We affirm.

On appeal we review the question of ineffective assistance of counsel de novo and review the district court's findings of

---

[*]The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

underlying predicate facts under the clearly erroneous standard. *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). To establish ineffective assistance, the convicted defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the prejudice requirement, the defendant must show a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different. *Id*. at 694.

"Judicial scrutiny of counsel's performance must be highly deferential and the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Reed*, 106 F.3d at 236. Particularly where counsel's trial strategy is in issue, "[w]e presume attorneys provide effective assistance, and will not second-guess strategic decisions or exploit the benefits of hindsight." *Payne v. United States*, 78 F.3d 343, 345 (8th Cir. 1996).

Brewer argues that his counsel was ineffective because he failed to move to suppress Brewer's statement after arrest that "that f---ing bitch Jessie must have said I tried something." We agree with the district court that, even if Brewer's warrantless arrest was illegal, his statement was voluntary and not prompted by coercion or interrogation after the arrest. The statement therefore was not tainted by the alleged illegal arrest and was admissible. *United States v. Houle*, 620 F.2d 164, 165-66 (8th Cir. 1980).

Brewer complains that his counsel failed to submit proposed voir dire questions on the issues of racial prejudice, sexual assault and alcohol. On appeal, he does not specify what questions

should have been asked of the potential jurors. In any event, we agree with the district court that the trial court asked sufficient questions on these issues to apprise the attorneys of possible juror prejudices. Defense counsel's failure to propose additional questions fell within the broad range of reasonable professional assistance.

Brewer next argues that his counsel was ineffective in cross-examining Tobacco and Gary Pourier. We have carefully reviewed the evidence and argument on this issue, and agree with the district court that Brewer's counsel offered reasonably effective assistance. As to Tobacco, counsel cross-examined her at some length regarding inconsistencies between her trial testimony and prior statements. The extent to which an alleged rape victim should be subjected to cross-examination is inherently a matter of strategy, as a withering and relentless cross-examination can easily backfire. And as we have explained, "[i]n hindsight, there are few, if any, cross-examinations that could not be improved upon. If that were the standard of constitutional effectiveness, few would be the counsel whose performance would past muster." *Willis v. United States*, 87 F.3d 1004, 1006 (8th Cir. 1996). Further, questioning Tobacco as to whether she was a virgin or had had sex prior to the incident would have been improper under Fed. R. Evid. 412.

Brewer argues that his counsel was ineffective because he did not interview and call potential defense witnesses. Brewer does not establish ineffective assistance on this ground. By way of example, from our review of the record, the lay witness who was not called and appears to have had the most to offer is Margarette Vitalis, Brewer's girlfriend. She offered an affidavit and testimony at the evidentiary hearing on the motion for new trial

-3-

that (1) Tobacco's mother called her on the night of the incident and claimed that Brewer *and* Pourier had raped Tobacco, (2) the mother stated that on the night in question Tobacco had been "after" Brewer and had been "all over" Brewer, and (3) the next morning, Vitalis and Pourier visited Brewer in jail, where Brewer denied raping Tobacco, Pourier responded that "I know you didn't," and Pourier said "I really f----ed up this time." Brewer's trial counsel testified at the new trial hearing that prior to trial he had spoken to Vitalis, who denied any knowledge of the relevant facts. She told him "I don't know anything about it." Counsel further testified:

> And then after the jury got the case [Vitalis] came up to me in the courtroom while we -- just after the jury got the case after argument, and said that "[Tobacco's mother] called me that morning and said [Brewer and Pourier] had raped [Tobacco]." And I said, "Why didn't you tell me this before?" And she said that she was related to the Tobaccos by marriage and she didn't want to get involved. And I said, "Well, it's too late now."

The district court credited this testimony, concluding that "trial counsel had no way of knowing that she could provide any relevant evidence." The district court also credited the counsel's testimony that "he told Brewer to bring in witnesses that he thought would have relevant information. Brewer did not do this." These findings are not clearly erroneous. Further, testimony by Vitalis as to what Tobacco's mother had told her would have been inadmissible hearsay, and in any event testimony from the defendant's girlfriend would have been inherently suspect.

Brewer complains that his counsel should have called an expert to counter the testimony of Dr. Mulder, who examined Tobacco after the incident. At the motion for new trial, Brewer called an expert who testified that vaginal tenderness was not inconsistent with

consensual sex. Mulder testified at the trial that consensual sex would unlikely cause the vaginal tenderness he observed. However, he also testified that he observed no vaginal bleeding, scratches or injuries. On cross-examination, he stated that he had conducted only about ten post-rape examinations and that he "couldn't really speak to" whether vaginal tenderness sometimes occurs with consensual sex. His testimony therefore was not unequivocal. Further, as Brewer's trial counsel explained at the motion for new trial, vaginal tenderness was consistent with the defense theory that Tobacco became angry with Brewer only after Pourier forced himself on Tobacco and attempted to have sex with her. In these circumstances, we agree with the district court that failure to hire an expert was not unreasonable.

Brewer complains that his counsel did not adequately prepare him to testify in his defense. Brewer's counsel met with him several times before the trial. Brewer's testimony at trial was relatively brief but set out his defense that the sex with Tobacco was consensual and that Tobacco only became angry when Pourier also attempted to have sex with her. On appeal Brewer argues that his counsel should have elicited more details about Tobacco's behavior towards him on the evening in question prior to the sexual encounter. Brewer testified that prior to the encounter he and Tobacco sat next to each other in a car, drank, and conversed, and that he put his arm around her without objection. He fails to demonstrate that his counsel's examination fell below the standard of reasonable professional assistance.

Brewer complains that his counsel failed to object to questions directed (1) to Tobacco's aunt about what Tobacco told her, (2) to Pourier about whether he raped Tobacco, and (3) to Pourier about what Tobacco told him. The same judge who tried the case concluded, in denying the § 2255 motion, that the statements

made to the aunt were admissible as excited utterances, and the questions posed to Pourier about whether he raped Tobacco were not leading. The questions of Pourier as to what Tobacco told him came from the court itself. Brewer cannot show that an objection would have led to the exclusion of any of this evidence, and cannot therefore meet the prejudice requirement for establishing ineffective assistance of counsel.

Brewer lastly argues that his counsel was ineffective in failing to object to improper closing argument by the prosecutor and move for a mistrial. He contends that the prosecutor improperly urged the jury to serve as the conscience of the community. The prosecutor stated in her closing argument:

> This case is about holding the defendant accountable for his actions. You are the conscience of the community. It's a big job, but you are the people who say this is not to be tolerated. You had sex with Jessica against her will without her consent and you are guilty of forcibly raping her. I ask you to be the conscience of the community and to return a just verdict in this case. The one that justice requires is guilty.

Brewer relies on *United States v. Johnson*, 968 F.2d 768 (8th Cir. 1992), where we reversed a conviction in a drug case on grounds of improper jury argument by the prosecutor. The prosecutor in *Johnson* argued:

> [The defense attorney] says your decision to uphold the law is very important to his client. Your decision to uphold the law is very important to society. You're the people that stand as a bulwark against the continuation of what Mr. Johnson is doing on the street, putting this poison on the street.

*Id*. at 769. We recognized that "[u]nless calculated to inflame, an appeal to the jury to act as the conscience of the community is not

-6-

impermissible." *Id*. at 770 (quoting *United States v. Lewis*, 547 F.2d 1030, 1037 (8th Cir. 1976)). However, we found the statement "urging the jury to act as 'a bulwark against . . . putting this poison on the streets'" impermissible because it urged the jury "to encumber certain defendants with responsibility for the larger societal problem in addition to their own misdeeds" and to "assist in the solution of some pressing social problem." *Johnson*, 968 F.2d at 771 (quoting *United States v. Monaghan*, 741 F.2d 1434, 1441 (D.C. Cir. 1984)).

*Johnson* does not compel a new trial in this case. First, we do not read the statement made by the prosecutor in our case as urging the jury to assist in solving some general social problem. Although we do not condone references to the conscience of the community by the prosecutor, here she made the comment in the context of an argument directed solely at the defendant, urging the jury to "say this is not to be tolerated. *You* had sex with Jessica against her will without her consent and *you* are guilty of forcibly raping her."

Second, *Johnson* was a direct appeal. We stated that the standard of review was whether the error was harmless beyond a reasonable doubt. *Johnson*, 968 F.2d at 772. On habeas review, however, we apply the *Strickland* test to counsel's failure to object to alleged improper argument, as we recently did in *Seehan v. State of Iowa*, 72 F.3d 607 (8th Cir. 1995) (en banc), *cert. denied*, 116 S. Ct. 1578 (1996). Under the first prong of *Strickland*, we emphasized in *Seehan* the strong presumption that the challenged conduct of counsel might be considered sound trial strategy. *Id*. at 611. In the pending case Brewer's counsel testified that he did not object to the closing argument because such objections irritate the jury. We have recognized that the

-7-

"decision to object during prosecutor's summation must take into account the possibility that the court will overrule it and the objection will either antagonize the jury or underscore the prosecutor's words in their minds." *Bussard v. Lockhart*, 32 F.3d 322, 324 (8th Cir. 1994). We agree with the district court's conclusion that the failure to object here fell within the wide range of professionally competent assistance.

Moreover, Brewer does not meet the second requirement under *Strickland* of showing that the error if any in failing to object to the prosecutor's comment was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

As to the other allegedly improper comments made in closing argument, we agree that they are not grounds for a new trial for essentially the same reasons noted by the district court.

Affirmed.

A true copy.

        Attest:

                CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-