Don FINK *v.* STATE of Arkansas

CR 79-37                                          582 S.W. 2d 3

Opinion delivered June 4, 1979
(Division I)

[Rehearing denied July 9, 1979.]

*James E. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty.
Gen., for appellee.

GEORGE ROSE SMITH, Justice. The Criminal Code defini-
tion of rape includes deviate sexual activity, which encom-
passes the penetration of the anus of one person by the penis
of another. Ark. Stat. Ann. §§ 41-1801 (1) and 41-1803
(Repl. 1977). In this prosecution of the appellant for the
crime of rape the State's proof showed that he had engaged
for some months in such deviate sexual activity with his son
and daughter, aged 13 and 11 at the time of trial. The jury

returned a verdict of guilty and sentenced the appellant to life imprisonment.

The only argument for reversal is that the State failed to prove the required element of forcible compulsion, which is defined to include physical force or an express or implied threat of physical injury. § 41-1801 (2). Physical injury means the impairment of physical condition or the infliction of substantial pain. § 41-115 (14).

Here one or both of the children testified that the conduct occurred a number of times, that they did not want to engage in it, that they were afraid of their father, that he would threaten to whip them with a belt, and that if they didn't "mess around" with him he would give them a whipping. A physician testified that the rectum of each child was stretched and inflamed and that in his opinion the conditions had been caused by the insertion of an adult penis many times. Thus there was an abundance of substantial evidence from which the jury could conclude that the accused had achieved his purpose by forcible compulsion.

Affirmed.

We agree. HARRIS, C.J., and BYRD, HOLT, and HICKMAN, JJ.