## Barney Lee DOLES *v.* STATE of Arkansas

CR 82-27                           631 S.W. 2d 281

### Supreme Court of Arkansas
### Opinion delivered April 12, 1982

*Jim Bob Steel,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. After a trial by jury, appellant, Barney Lee Dole, was convicted of the second-degree murder of James Harris and sentenced to 20 years in the Department of Correction. On appeal we reverse, holding that appellant was entitled to a jury instruction on justification (self-defense).

On the evening of the shooting appellant, Lisa Dean, and the victim were drinking together. All three were good friends. Lisa was a hitchhiker appellant had brought to Arkansas after picking her up in Florida. However, at the time of the incident, Lisa was living with the victim in his trailer.

During the course of the evening the victim became belligerent. He began talking about "busting" a whiskey bottle over his friends' heads. He also suggested that Lisa should take her things and get out of his trailer. Finally, appellant decided to go home; the victim volunteered to take him.

When the three of them reached appellant's home, appellant asked Lisa if she wanted to spend the night at his house. This apparently angered the victim who began threatening appellant. Appellant then ran into his house to get a gun "to scare him [victim] off." The victim went to the door and called to appellant who went back to the door without finding the gun.

Meanwhile, appellant's father, awakened by the loud noise, came to the front porch. The father testified that the victim threatened his son. "He told him that he'd get him before the night was over, said the night wasn't over. Said he'd put a load of shot or a bullet one right between his eyes." By this time the victim was inside appellant's home, and appellant's father had gotten a gun from a closet. Appellant took the gun from his father and begged the victim to leave. But, the victim kept coming at him; appellant then shot him.

Appellant testified that the victim said he was going to shoot him that night and that he was scared; that he did not intend to shoot him and that he shot him in accident. He stated that he begged the victim to leave; that he did not premeditate or deliberate; and that he just turned around and shot.

Police officers stated that the victim's body was found lying partially on the porch and partially on the front steps.

The medical examiner testified that the victim was extremely drunk when he was killed.

Appellant argues, and we agree, that the trial judge erred in refusing to instruct the jury on a person's right to use reasonable force to protect himself and on a person's right to not retreat when in his own home. Justification is not an affirmative defense which must be pled, but becomes a defense when any evidence tending to support its existence is offered to support it. *Peals* v. *State,* 266 Ark. 410, 584 S.W. 2d 1 (1979); *Thomas* v. *State,* 266 Ark. 162, 583 S.W. 2d 32 (1979).

In this case there was sufficient evidence to support a justification instruction to the jury. Testimony indicated that the victim was in appellant's home, that the victim threatened to kill appellant, and that appellant was scared of the victim. Appellant also testified that he repeatedly asked the victim to leave him alone but that the victim refused to do so. From this evidence the jury could have found that appellant was justified in using deadly physical force to defend himself in his home.

Appellant also argues that the trial court erred in refusing to admit a statement made by Lisa Dean, who was out of the state at the time of the trial. Lisa's statement was made to a criminal investigation officer shortly after the crime and contains her version of the occurrences that night. It is not handwritten, but it is signed by Lisa.

Its admission is urged under Rule 804 (b) (5), Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1977), which allows hearsay evidence if the declarant is unavailable:

> (5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (i) the statement is offered as evidence of a material fact; (ii) the statement is more probative on the point for which it is offered than any other evidence which the proponent can

procure through reasonable efforts; and (iii) the general purposes of these rules and the interests of justice will best be served by admission of the statements into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

Lisa's statement is not admissible under this rule for two reasons. First, it does not contain the "equivalent circumstantial guarantees of trustworthiness" as do the other exceptions to the rule against hearsay under Rule 804 (b). Second, appellant has not brought himself under the provisions of this rule because Lisa cannot be considered unavailable. Although the sheriff testified that he had contacted her in Dallas, Texas, and advised her of the trial date, the record does not reflect that Lisa's attendance was sought under the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases, Ark. Stat. Ann. §§ 43-2005 — 2009 (Repl. 1977). The prosecutor listed Lisa as a witness, but apparently neither party attempted to utilize the necessary procedure as set out by this statute to require her attendance at trial. Therefore, she was not "unavailable" as required by Rule 804 (a), and the 804 (b) (5) exception does not apply.

Reversed and remanded.