Donald FINK *v.* STATE of Arkansas

CR 83-59                                              658 S.W.2d 359

Supreme Court of Arkansas
Opinion delivered September 26, 1983
[Rehearing denied October 31, 1983.*]

*PURTLE, J., would grant rehearing.

*Hubbard, Patton, Peek, Haltom & Roberts,* by: *John B. Greer, III,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of raping his two minor children and sentenced to life in prison. We affirmed. *Fink* v. *State,* 265 Ark. 865, 582 S.W.2d 3 (1979). Subsequently, appellant petitioned this court for permission to proceed under A.R.Cr.P. Rule 37. We granted appellant permission to proceed on the allegations contained in points I, II, and III of his petition relating to ineffective assistance of counsel, who is now deceased. After an evidentiary hearing and a review of the trial transcript, the court made specific findings and denied the requested relief. We affirm.

In the circuit court proceeding and in his arguments on appeal, appellant has enlarged upon the three grounds which this court granted review. Rule 37.3 provides:

> (a) If the conviction in the original case was appealed to the Supreme Court, then no proceedings under this rule shall be entertained by the circuit court without prior permission of the Supreme Court.
> (b) All grounds for relief available to a petitioner under this rule must be raised in his original petition unless the petition was denied without prejudice.

Clearly, this rule limits the trial court in postconviction proceedings to that authorized by this court.

We have recognized that the trial court is limited to a consideration of those allegations in the petition in making a determination of appellant's entitlement to postconviction relief. *Neal* v. *State,* 270 Ark. 442, 605 S.W.2d 421 (1980); and *Stanley* v. *State,* 258 Ark. 480, 527 S.W.2d 613 (1975). Consequently, here, we consider only those allegations of

ineffective assistance of counsel which appellant raised in his petition and which we granted permission to consider. We granted an evidentiary hearing on three allegations only: (1) ineffective assistance of counsel during "pretrial preparation;" (2) ineffective assistance of counsel resulting from the failure of appellant's trial attorney to object to prejudicial testimony by two of the state's witnesses and to the prosecutor's closing argument; and (3) ineffective assistance of counsel based on the attorney's failure to argue "reasonable doubt" to the jury.

The Sixth Amendment to our federal constitution guarantees an accused the right to have effective assistance of counsel for his defense. This does not guarantee any degree of success by such counsel inasmuch as competent counsel may sometimes lose a case. Therefore, a successful result is not a proper gauge to determine counsel's competency. *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981). There, we also said that there is a presumption of effective assistance by counsel, and the burden is upon the appellant to overcome this presumption and demonstrate by clear and convincing evidence that he was prejudiced by the representation of his counsel to such an extent he did not receive a fair trial.

On point I appellant merely observes that the deceased trial counsel "apparently" did not interview the children before trial. We do not consider this a convincing argument. Point III was not addressed by the appellant on appeal. Issues not argued on appeal are considered abandoned. *Burks Motors* v. *Int'l. Harv. Co.,* 250 Ark. 641, 466 S.W.2d 945 (1971).

Under point II appellant presents three arguments relating to ineffective assistance of trial counsel. The first instance related to certain testimony, without objection, by appellant's former wife on redirect by the state. On cross-examination, the appellant's counsel had questioned Mrs. Fink about why she delayed taking her children to a doctor after she discovered her husband's actions. On redirect Mrs. Fink testified that the appellant had once pulled a loaded gun on her and told her he was going to kill her. It is argued

that this testimony was prejudicial. As a response to this attempt by appellant to discredit Mrs. Fink for remaining silent, the state properly elicited evidence on redirect to rehabilitate her. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980). Here, her answer on rebuttal goes to the question of her fear of the appellant which allegedly caused her to remain silent.

The appellant also claims that his deceased trial counsel should have imposed an objection when a local physician, who had no expertise in psychology or psychiatry, was allowed to testify that the sex crimes would have an emotional impact on the two minor children. This doctor's experience included serving a local social service center in his professional capacity. The doctor conducted physical examinations on the two minor children and took a case history from each one. This evidence, coupled with the extent of the physical injuries suffered by the children being forced to engage in deviate sexual activity with their father, understandably justified the doctor to conclude that some emotional trauma to the children could be anticipated.

Appellant's third assertion, under point II, of misconduct concerns two statements made by the prosecutor during his closing argument to which there was no objection. The prosecutor first asked the jury, "How long will you provide these kids, your kids, my kids, people in Hempstead County with protection from Donald Fink?" The other statement was made by the prosecutor, without objection, in his rebuttal closing argument. The prosecutor in effect asked the jury to impose the maximum punishment by saying, "If he is not guilty of rape, I would appreciate it if you would send him home free today." The jury was instructed that closing arguments are not evidence and should be disregarded. We have found this instruction to be significant in removing any claimed prejudice because of the state's closing argument. *Harrison* v. *State*, 276 Ark. 469, 637 S.W.2d 549 (1982). We have held that "[t]he state may argue for the maximum punishment in sensible language just as a defendant may argue for the minimum punishment." *Holloway* v. *State*, 268 Ark. 24, 594 S.W.2d 2 (1980).

Taking into account all of appellant's allegations on which we granted permission to proceed in an evidentiary hearing, concerning ineffective assistance of counsel, we are of the view that he has failed to demonstrate by clear and convincing evidence that he did not receive a fair trial as a result of the alleged prejudicial conduct of his trial counsel.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion because it limits our review of effectiveness of counsel. We granted the petition for the purpose of determining whether counsel was ineffective in three specific instances. However, the hearing developed many other instances of what I feel amounted to ineffective assistance. Looking at the record as a whole it is obvious that petitioner in effect had no counsel at his trial, and certainly not an effective one.

Counsel for the defense did not voir dire the jury; made no opening statement; made only one objection during the entire trial; did not object to any statements or evidence which the state desired to present; did not interview a single witness before trial; did not make a motion for a directed verdict at the close of the state's case nor after all evidence was presented; and, failed to object to appellant's wife testifying that he threatened her with a gun many times or to the testimony of the doctor stating in effect that appellant was guilty.

So far as I am concerned the appellant was sent to prison without effective assistance of counsel. Perhaps he is guilty and maybe he would have been found so had he had the best counsel on earth. Nevertheless, he was entitled to effective counsel at his trial, under the 6th Amendment to the United States Constitution and Art. 2, § 10 of the Arkansas Constitution. When this court reviews the record in a claim of ineffective assistance of counsel, we should consider the record below in its entirety and base our judgment thereon. To limit our review of these genre of cases is to do a disservice

both to the individual petitioners who may have suffered injustice within the confines of our system of justice and to the legal profession as a whole.