Gloria Dean FLOWERS *v.* STATE of Arkansas

CA CR 89-181 785 S.W.2d 242

Court of Appeals of Arkansas
Division II
Opinion delivered March 7, 1990

*Bill R. Holloway*, for appellant.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Gloria Dean Flowers appeals from her conviction of murder in the second degree, for which she was sentenced to a term of eleven years in the Arkansas Department of Correction. She contends only that the trial court erred in admitting into evidence an exculpatory pretrial statement that she made to the police. We find no error and affirm.

The evidence discloses that appellant shot and killed Johnny Brown on the night of August 26, 1988, in the City of McGehee in Desha County. Although she eventually pled self-defense, neither she nor any of several companions called an ambulance or hailed a police car which passed by shortly after the shooting. About thirty minutes after the shooting, appellant and her companions put the deceased's body into the trunk of a car, drove to Pine Bluff in Jefferson County, and dropped off the body on a dirt road near the Arkansas River.

Pine Bluff police officers testified that they found and identified the body early the next morning, and were informed

that appellant was his "nearest relative." An officer then went to appellant's house to inform her that Brown was dead. At the officer's request, appellant went to the police station to give a statement. The officer asked appellant when she last had seen Brown and if he had had an argument with anyone recently. Appellant told the officer that she had seen the deceased at her home the previous afternoon, but that he had left around 7:00 p.m. She also told the officer that the deceased had argued with a person named David Dillworth several days earlier. Appellant then signed a written statement containing that information. Later that day, the police were informed by witnesses that appellant and the deceased had been in McGehee the night before, and that appellant had shot the deceased and brought his body back to Pine Bluff. When this information was confirmed by an eyewitness to the killing, appellant was arrested.

In the trial court, appellant's objection to admission of the pretrial statement was made for the first time when the officer testified. There had been no motion to suppress. The objection was based initially on the failure of the police to advise appellant of her *Miranda* rights. The trial court properly denied that objection on a finding that it was untimely and that no good cause for its untimeliness had been shown. *See* Ark. R. Crim. P. 16.2; *Oglesby* v. *State*, 299 Ark. 403, 773 S.W.2d 443 (1989); *Dodson* v. *State*, 4 Ark. App. 1, 626 S.W.2d 624 (1982). Appellant then made a very general relevancy objection.

On appeal, appellant has abandoned her *Miranda* arguments and contends simply that the evidence was immaterial to any issue in the case, was highly prejudicial, and was introduced only to inflame the jury. We cannot agree.

 "Relevant evidence" is defined as any evidence having the tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Ark. R. Evid. 401. Determinations of the relevancy of evidence and whether its probative value is substantially outweighed by the danger of unfair prejudice are matters within the trial court's discretion. This court will affirm such determinations absent a showing of an abuse of discretion. *Irvin* v. *State*, 28 Ark. App. 6, 771 S.W.2d 26 (1989); *Clark* v. *State*, 26 Ark. App. 276, 764 S.W.2d 458

(1989).

As a rule of general application, proof of an attempt to fabricate evidence of innocence, or other conduct amounting to an obstruction of justice, is admissible. *See Kellensworth* v. *State*, 276 Ark. 127, 633 S.W.2d 21 (1982); *Kidd* v. *State*, 24 Ark. App. 55, 748 S.W.2d 38 (1988); 2 J. Wigmore, *Evidence* § 278 (Chadbourn rev. 1979); E. Cleary, *McCormick's Handbook of the Law of Evidence* §§ 190, 273 (3rd ed. 1984). When a defendant voluntarily offers an untrue exculpatory statement or explanation, it may be considered as circumstantial evidence of not only one's belief that his case is weak, but also of guilt itself. *Kellensworth* v. *State, supra. See also United States* v. *Eley*, 723 F.2d 1522 (11th Cir. 1984); *United States* v. *Rajewski*, 526 F.2d 149 (7th Cir. 1975). Here, proof that appellant continued to cover up the circumstances of Brown's death, by lying to the police about her last encounter with him, served directly to rebut appellant's plea of self-defense and was evidence from which the jury might infer a consciousness of guilt on her part. From our review of the record, we cannot conclude that the trial court abused its discretion in admitting this evidence.

Affirmed.

COOPER and JENNINGS, JJ., agree.