Byron HOOPER *v.* STATE of Arkansas

CR 91-232                                    842 S.W.2d 850

Supreme Court of Arkansas
Opinion delivered November 23, 1992

*David C. Schoen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. This is an appeal from the appellant's conviction of possession of a controlled substance and intent to deliver and conspiracy to deliver a controlled substance. The state alleged that the appellant, who resided in Dallas, Texas, was operating a drug ring in El Dorado selling crack cocaine. Appellant was sentenced as a habitual offender on the possession conviction and received a life imprisonment sentence. For the conspiracy to deliver conviction, he received a sentence of fifty years imprisonment. As his sole issue on appeal, the appellant argues that the trial court erred in admitting into evidence wire transfer record and telephone records showing transactions occuring between Dallas and El Dorado under the business record exception (A.R.E. Rule 803(6)) to the hearsay rule. We affirm.

First, we summarily dismiss the appellant's argument that the trial court erred in admitting the telephone records because the appellant failed to make a specific objection to preserve his argument on appeal. Below, the appellant objected to the admission of the telephone records on the grounds that they were not authenticated. Now, on appeal, the appellant argues that the telephone records are hearsay and do not fit under the business record hearsay exception. This court has repeatedly held that in order to preserve an issue for appellate review, the

objection below must be specific enough to apprise the trial court of the particular error about which appellant complains. *Terry* v. *State*, 309 Ark. 64, 826 S.W.2d 817 (1992). Furthermore, a party cannot change the ground of objection from the one made at trial to a different one on appeal. *Harrison* v. *State*, 303 Ark. 247, 796 S.W.2d 329 (1990).

■ Appellant did properly object to the admittance of the wire transfer records by arguing that they were hearsay, which the prosecution rebutted by contending that they fit under the business record exception, Rule 803(6). The business record exception to the hearsay rule has been interpreted as having seven requirements, which includes the requirement that the information be shown by the testimony of the custodian or other qualified witness. A.R.E. Rule 803(6); *Terry*, 309 Ark. 64, 826 S.W.2d 817. Here, the prosecution admitted twelve Western Union wire transfer documents through the testimony of the individuals who received or sent the wire transfers of money. Appellant argues that these individuals were not proper to lay the foundation for the business record exception.

While we may agree with the appellant's argument, the appellant has failed to show prejudice. Officer Eddie Davis testified that he had been involved as an investigator of the Byron Hooper organization. Alice Stitt, appellant's girlfriend, was arrested by the police and gave a statement about how the drug ring operated and the people involved. Officer Davis testified that Stitt told them that there was a hookup through her to get the drugs and money from El Dorado to Dallas. Communication was made to appellant through a three-way call set up by Stitt. Officer Davis testified that Stitt gave the police information about wire transfers made out of Western Union. Specifically, he stated, again with no objection, that the police department recovered two wire transfers from Katrina Daniels to Alice Stitt for $1600 and $650. Katrina Davis was connected to appellant's organization through Stitt. Again, there was no objection to Officer Davis's testimony which illustrated how the whole drug ring operated.

■■ This court has held that where similar evidence was previously admitted without objection, the admission of later testimony on the same subject was not prejudicial. *HCA Health Services* v. *National Bank of Commerce*, 294 Ark. 525, 745

S.W.2d 120 (1988). Similarly, we have refused to find prejudicial error where the evidence erroneously admitted was merely cumulative. *See Bussard* v. *State*, 295 Ark. 72, 747 S.W.2d 71 (1988); *Snell* v. *State*, 290 Ark.503, 721 S.W.2d 628 (1986). The appellant has failed to meet his burden to demonstrate prejudicial error. *Snell*, 290 Ark. 503, 721 S.W.2d 628. As this court has repeatedly held, we do not reverse for trial error in the absence of prejudice. *Prater* v. *State*, 307 Ark. 180, 820 S.W.2d 429 (1991).

Pursuant to Ark. Sup. Ct. R. 11(f), the record has been examined, and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error. For the reasons stated above, we affirm.