Kendell CAMP *v.* STATE of Arkansas

CA CR 98-873                                         991 S.W.2d 611

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered April 14, 1999

*Martin E. Lilly*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this case, Kendell Camp, was convicted at a jury trial of third-degree

domestic battery for having beaten his wife. He was fined $500 and ordered to pay $211 in court costs. On appeal, appellant contends that the trial court erred in allowing a police officer to testify as to statements made by the victim and in admitting a report made by the officer about his interview of the victim. He also contends that the trial court erred in admitting an affidavit that was filed by the victim in support of her request for an order of protection. We affirm.

At trial, the victim refused to testify. Over appellant's objection, the State was then allowed to introduce Officer Barry Holt's testimony concerning the victim's statements to the officer at the hospital some three hours after the alleged incident and the officer's written report of that interview. The trial court expressly found that the evidence was admissible under both Ark. R. Evid. 803(2) (excited-utterance exception) and 804(b)(5) (residual-hearsay exception when witness is unavailable).

In his first point for appeal, appellant argues that the trial court erred in admitting the the officer's testimony and report under Rule 804(b)(5). He makes no argument that the trial court's ruling under Rule 803(2) was erroneous.[1] Therefore,

---

[1] Appellant does attack this ruling in his reply brief, but an argument cannot be raised for the first time in a reply brief. *Jordan v. State,* 323 Ark. 628, 917 S.W.2d 164 (1996).

The dissenting judges concede that appellant abandoned the excited-utterance argument by not arguing it in his initial brief. Nevertheless, they argue that, because the trial court's ruling on that question was wrong, we must reverse. Specifically, they argue, "[A]ll we can tell is that the appellant abandoned his Rule 803(2)-based allegation of error. The appellant's abandonment of this issue does not, however, permit the majority to assume that the trial court's Rule 803(2) decision was correct. If the trial court's Rule 803(2) ruling was correct, the majority should explain why." In other words, according to the dissent, we cannot affirm a judgment unless we search the record and conclude that every ruling adverse to an appellant was, in fact, a correct one, even in the absence of argument by the appellant on appeal. While a rule somewhat akin to that may be the law in cases where one is sentenced to life imprisonment or death, it simply is not the law in other cases. *See* Ark. R. App. P.—Crim. 14; *see also* Ark. Sup. Ct. R. 4-3(h). When an issue is not argued on appeal in an ordinary case, the issue is considered abandoned and is not addressed. *See Fink v. State,* 280 Ark. 281, 658 S.W.2d 359 (1983); *see also King v. State,* 323 Ark. 671, 916 S.W.2d 732 (1996); *Pearrow v. Feagin,* 300 Ark. 274, 778 S.W.2d 941 (1989); *Flowers v. State,* 30 Ark. App. 204, 785 S.W.2d 242 (1990). We do not hold that the trial court's ruling under Rule 803(2) was, in fact, correct; we do not reach the

since one of the trial court's stated grounds for having admitted the officer's testimony and report is not challenged on appeal, we need not decide whether the trial court erred in admitting the evidence. In other words, even if we were to assume that appellant's argument as to the applicability of Rule 804(b)(5) was correct, we still would not reverse in light of appellant's failure to attack the trial court's independent, alternative basis for its ruling. *See* Ark. R. App. P.—Crim. 14; *Pearrow v. Feagin,* 300 Ark. 274, 278-79, 778 S.W.2d 941, 943 (1989) (where trial court expressly based its decision on two independent grounds and appellant challenged only one on appeal, supreme court affirmed without addressing either).

Also admitted over appellant's hearsay objection was an affidavit executed by the victim on the day after the battery. The affidavit was apparently filed with the chancery court, in conjunction with the victim's complaint for divorce from appellant, in an effort to obtain an order of protection. The trial court found this evidence admissible under Rule 804(b)(5). On appeal, appellant contends that the trial court erred in so ruling. The State argues

---

issue. We hold that, by abandoning the argument on appeal, appellant has waived the right to have the propriety of the ruling decided.

The dissenting judges next maintain, as did appellant's counsel at oral argument, that appellant did argue in his first brief that the court's ruling under Rule 803(2) was erroneous because he stated as much in his "argument heading." This position is interesting and might be debatable had it not long ago been decided that this was not the law. *See Brockwell v. State,* 260 Ark. 807, 545 S.W.2d 60 (1976) (mere statement of point for appeal is insufficient argument for reversal; point waived if not argued); *see also Dougan v. State,* 330 Ark. 827, 957 S.W.2d 182 (1997) (mere mention of an alleged error in a subheading of one's brief, without any argument or citation to authority, will not be addressed).

The dissent further maintains that appellant did, in fact, raise the excited–utterance argument in his initial brief because "he touch[ed] on facts related to the excited utterance exception." However, with all due respect, to discern this argument on the basis of the hints and traces mentioned in the dissent (*i.e.,* appellant's eight-word parenthetical mention that the victim's statement was made three hours after the battery, which mention appears in a paragraph devoted to the residual–hearsay exception of Rule 804(b)(5)) requires a degree of sensitivity bordering on precognition. A fair reading of the briefs in this case leads to the inescapable conclusion that appellant simply abandoned the excited–utterance argument in his brief (a fact that the dissent both admits and denies), that the State discussed the issue in its own brief in such a manner that awakened appellant's interest in the argument, and that appellant responded by advancing the argument for the first time in his reply brief.

that the affidavit was cumulative to the collective information provided to the jury through the officer's testimony and report, and that any error in its admission was harmless. Appellant argues that the affidavit was not merely cumulative because it contained "substantially more information than was originally provided to Officer Holt." Again, we conclude that we need not decide whether the trial court erred in admitting the evidence.

■ The law is well settled that prejudice is not presumed, and we will not reverse absent a showing of prejudice. *Bell v. State,* 334 Ark. 285, 973 S.W.2d 806 (1998). Our courts have refused to find prejudicial error where the evidence in question was merely cumulative to evidence otherwise admitted at trial. *See Henderson v. State,* 322 Ark. 402, 910 S.W.2d 656 (1995); *Griffin v. State,* 322 Ark. 206, 909 S.W.2d 625 (1995); *Gibson v. State,* 316 Ark. 705, 875 S.W.2d 58 (1994); *Hooper v. State,* 311 Ark. 154, 842 S.W.2d 850 (1992); *Shaver v. State,* 37 Ark. App. 124, 826 S.W.2d 300 (1992).[2]

---

[2] While appellant argues on appeal that his rights under the Confrontation Clause were violated by admission of the affidavit, his abstract fails to reflect that he objected to introduction of the affidavit on that ground below. Therefore, we will not analyze the admission of the affidavit under the constitutional standard of "harmless beyond a reasonable doubt." *See Griffin v. State,* 322 Ark. 206, 221, 909 S.W.2d 625, 633 (1995).

The dissenting judges maintain that appellant's Confrontation Clause argument was properly preserved when, immediately after the trial court denied appellant's *hearsay* objection by reference to Rule 804(b)(5), appellant asked the court for the basis of its finding that the statement was trustworthy. They argue that, since case law holds that " 'particularized guaranties of trustworthiness' of evidence is the touchstone of a Confrontation Clause argument," appellant's request effectively raised the constitutional argument. However, as the dissent notes, "equivalent circumstantial guarantees of trustworthiness" is an *express requirement* under the terms of Rule 804(b)(5), the very rule that the trial court had just referenced and which it again referenced in response to appellant's request. The law is clear that, in order to preserve an argument for appeal, one must make a specific objection sufficient to apprise the trial court of the particular error alleged. *Ayers v. State,* 334 Ark. 258, 975 S.W.2d 88 (1998); *Anthony v. State,* 332 Ark. 595, 967 S.W.2d 552 (1998); *Foreman v. State,* 328 Ark. 583, 945 S.W.2d 926 (1997). An appellant cannot change the grounds for his objection on appeal, but is bound by the nature and scope of his argument at trial. *Ayers v. State, supra.* It is also clear that a hearsay objection is insufficient to preserve for appeal a Confrontation Clause argument. *Gatlin v. State,* 320 Ark. 120, 895 S.W.2d 526 (1995); *Killcrease v. State,* 310 Ark. 392, 836 S.W.2d 380 (1992). Under the circumstances presented here, we cannot conclude that the mere

■ Here, we conclude that the information contained in the affidavit was cumulative to that which was introduced through the officer's testimony and his report, whose introduction appellant has failed to demonstrate was improper. While appellant argues that the affidavit contained substantially more information, we cannot agree. The affidavit detailed the physical attack on the victim for which appellant was prosecuted. It further stated that appellant had abused the victim for some ten years and had threatened to kill her if she went to the police. According to appellant's abstract of the record, this same information was contained in either the officer's testimony or his written report or both. Under these circumstances, we conclude that the information in the affidavit was merely cumulative to the evidence otherwise introduced at trial, and any error in its admission was not prejudicial.[3]

Affirmed.

ROBBINS, C.J., and BIRD and MEADS, JJ., agree.

mention of the word "trustworthy" was sufficient to apprise the trial court of any Confrontation Clause argument.

[3] The dissenting judges concede that we have correctly described the contents of appellant's abstract. They also acknowledge the longstanding rule that we will not go to the record to reverse. Yet, they proceed to make two inconsistent and faulty arguments. First, the dissent states that the majority's conclusion that the affidavit was cumulative to the officer's report is based on speculation and cannot stand because, while appellant's abstract indicates that some *unknown portions* of the report were excised before it went to the jury, the abstract "fails to show what information was excised." Second, the dissent argues that this case should be reversed on account of something that they say appears in the transcript but not in appellant's abstract. We cannot agree with either of these arguments. The first is based on the dissenting judges' assumption, unsubstantiated by the abstract, that the abstracted version of the officer's report is not the redacted version shown to the jury. In any event, both arguments are contrary to longstanding rules governing appellate practice. Rule 4-2(a)(6) of the Rules of the Arkansas Supreme Court requires that an appellant present us with an abstract of those parts of the record that are necessary to an understanding of the issues presented for decision. Clearly, the burden is on an appellant to bring up a record sufficient to demonstrate reversible error. *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997). The record on appeal is limited to that which is abstracted. *Allen v. State*, 326 Ark. 541, 932 S.W.2d 764 (1996) (reversing the court of appeals and reinstating a conviction where this court had gone to the record to reverse). We will not examine the transcript of a trial to reverse a trial court. *Id.* Here, as abstracted by appellant, the affidavit was cumulative to the report.

HART and NEAL, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting. The evidence used to convict the appellant was inadmissible hearsay. Even though the victim, the appellant's wife, Cindy Camp, did not testify at trial, the trial court permitted Officer Barry Holt to repeat in court her out-of-court statements to him. His written report of that statement was also introduced into evidence. The trial court expressly found that both were admissible as an excited utterance pursuant to Ark. R. Evid. 803(2) and as an exception to the hearsay rule pursuant to Ark. R. Evid. 804(b)(5). Relying again on Rule 804(b)(5), the trial court also permitted the State to introduce into evidence Cindy Camp's affidavit that she executed on the day after the battery in connection with her complaint for divorce from the appellant.

Neither Holt's testimony regarding Cindy Camp's statement nor his written report was properly admitted. First, neither was admissible pursuant to Rule 803(2), the "excited utterance" exception to the hearsay rule. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The theory behind the excited utterance exception is that "circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication." *Luedemann v. Wade*, 323 Ark. 161, 164, 913 S.W.2d 773, 775 (1996). It must be established that "the utterance was made soon enough after the accident for it to reasonably be considered a product of the stress of accident, rather than of intervening reflection or deliberation." *Id.* "An excited utterance must have been made before there was time to contrive and misrepresent; that is, it must have been made before reflective and deliberative senses took over." *Id.* at 165, 913 S.W.2d at 775.

Barry Holt testified extensively regarding his taking of Cindy Camp's statement. He first obtained from her basic information, such as her name and date of birth. He then asked her what happened. After taking the report, he read it back to her and asked if it accurately reflected her comments. Cindy Camp agreed that it did, and she signed the report. Holt testified that three hours

passed between the time Cindy Camp told him the incident occurred and the time he made contact with her. Cindy Camp had time to contact a friend who met her at the hospital.

Mrs. Camp, after meeting a friend, was interrogated by Holt. She then was given an opportunity to review the report to make sure that it accurately reflected her remarks. Three hours passed between the incident and the time she gave the statement. In view of these facts, we must conclude that Cindy Camp's remarks to Holt were born of deliberation and reflection rather than an excited condition. *See Luedemann, supra* (officer's testimony regarding a statement given to him at an accident scene regarding how an accident occurred was not an excited utterance despite the officer having arrived "minutes" after the accident occurred); *Johnson v. State*, 326 Ark. 430, 934 S.W.2d 179 (1996), *cert. denied*, 520 U.S. 1242 (1997)(officer's testimony regarding a witness's choosing the defendant out of a photographic lineup was a deliberate and reflective act rather than an excited utterance).

Moreover, neither Holt's testimony nor his written report was admissible pursuant to Rule 804(b)(5). That rule provides that a statement is not excluded by the hearsay rule if the declarant is unavailable as a witness if it has "equivalent circumstantial guarantees of trustworthiness" of other exclusions provided by Rule 804(b). The evidence lacked such equivalent circumstantial guarantees of trustworthiness. *See Doles v. State*, 275 Ark. 448, 631 S.W.2d 281 (1982)(witness's statement given to the police shortly after the crime occurred was not admissible pursuant to Rule 804(b)(5)). It should be noted that investigative reports by the police are specifically excluded as an exception to the hearsay rule. Ark. R. Evid. 803(8)(i). This further indicates that the report lacked such guarantees.

The majority states that the appellant failed to challenge in his initial brief the admissibility of the evidence pursuant to Rule 803(2). The majority concludes that because the appellant did not do so, there is a separate ground for affirming the introduction of the evidence that went unchallenged on appeal, thus obviating any need for discussing the admissibility of the evidence pursuant to

Rule 804(b)(5). The general rule is that if an appellant presents a meritorious allegation of error, the appellant wins. Here, the appellant has raised an allegation of error that the majority assumes, without deciding, is meritorious; therefore, the appellant ought to win. The majority says the appellant should have appealed an alternative ruling by the court and cites Ark. R. App. P.—Crim. 14 and *Pearrow v. Feagin*, 300 Ark. 274, 278-79, 778 S.W.2d 941, 943 (1989). Neither support this proposition. On its face, Rule 14 does not. At most, *Pearrow* holds that, in a civil case, if an appellant wants to obtain reversal of the trial court's denial of a counterclaim, the appellant must argue that there was not a valid procedural basis for denying the counterclaim and must argue the counterclaim would have been meritorious if it had been allowed. *Pearrow* does not hold that a defendant in a criminal case must present, on appeal, arguments that would show that the evidence was not admissible under any theory articulated by the trial court or under any conceivable theory.

The majority stands on its head the familiar case law principle that we will affirm a trial court's ruling for any reason if the ruling was correct. Here, the majority opinion erroneously equates an appellant's abandonment of an issue by failing to argue it on appeal, with a concession by the appellant that the trial court's ruling is correct. We submit, given the procedural posture of this case, that all we can tell is that the appellant abandoned his Rule 803(2)-based allegation of error. The appellant's abandonment of this issue does not, somehow, permit the majority to assume that the trial court's Rule 803(2) decision was correct. If the trial court's Rule 803(2) ruling was correct, the majority opinion should explain why. In fact, for reasons we have previously explained, the trial court's ruling was wrong.

In any event, appellant's argument was raised in his initial brief. The argument heading in appellant's brief reads, "THE TRIAL COURT ERRED IN ADMITTING A POLICE OFFICER'S HEARSAY TESTIMONY UNDER ARKANSAS RULE OF EVIDENCE 803(2) AND 804(b)(5)." The appellant then noted facts related to the appellant's claim that the excited

utterance exception did not apply. Specifically, the appellant noted that Holt testified that Cindy Camp seemed upset when he contacted her and that three hours passed between the time the incident occurred and when Holt met her.

In *Dixon v. State*, 260 Ark. 857, 862, 545 S.W.2d 606, 609 (1977), an appellant raised points for reversal, "without any citation of authority and actually without any real argument. . ." The Supreme Court of Arkansas adopted the position of the Supreme Court of Oklahoma and concluded that "[a]ssignments of error presented by counsel in their brief, unsupported by convincing argument or authority, will not be considered on appeal, unless it is apparent without further research that they are well taken." Given that the appellant cited authority to this court regarding the excited utterance exception to the hearsay rule, that he presented an argument touching on facts related to the excited utterance exception, that he argued the point both below and in his reply brief, and, most importantly, that it is apparent without further research that his argument is well taken, it is untenable for the majority to dodge the issues presented here by asserting a perceived procedural violation on the part of the appellant. For these same reasons, the cases cited by the majority for the proposition that the appellant failed to challenge the admissibility of the evidence pursuant to Rule 803(2) are distinguishable.

Also, Cindy Camp's affidavit was not properly admitted pursuant to Rule 804(b)(5). *See Poe v. State*, 291 Ark. 79, 83, 722 S.W.2d 576, 578 (1987)("[O]rdinary affidavits taken under oath do not carry the same trustworthiness as the exceptions to hearsay listed in Rule 804.") The majority concludes that the affidavit introduced into evidence was merely cumulative to Holt's testimony and the report. Consequently, its admission, the majority holds, was harmless. However, since both the testimony and the report were not properly admitted, the affidavit was not cumulative.

Moreover, the majority resorts to speculation to conclude that the affidavit was cumulative to Holt's testimony and his written report. The affidavit provided that the appellant threatened to

kill Cindy Camp and that the violence had continued for ten years. Holt did not testify to this. Limiting our review to the abstract, whether this information was or was not put before the jury through Holt's written report is a matter of speculation by the majority because the trial court excised portions of the report, and that fact is borne out by the abstract. The appellant's abstract of Holt's written report fails to show what information was excised from it before it was given to the jury. Thus, the majority cannot conclude that the affidavit was cumulative to the report without resorting to speculation or examination of the record to determine what version of the report the jury read. Were we to inspect the record, we would see that the affidavit was not cumulative to Holt's written report because the trial court excised its passages regarding Cindy Camp's statements that the appellant threatened to kill her and that the violence had continued for ten years before it was admitted into evidence.

The affidavit provided other information not to be found in either Holt's testimony or his written report. The affidavit provided that the appellant had choked her during an incident of physical abuse that occurred six months earlier. The affidavit further provided that she was afraid of the appellant and that there was an "immediate and present danger of domestic abuse. . . ." The prejudicial impact of this information is obvious.

Further, the majority concludes that the abstract does not reflect that the appellant argued at trial that the admission of the affidavit violated the Confrontation Clause and that consequently, the issue was not preserved for appellate review. Thus, the majority also concludes that it will not analyze the admission of the affidavit under the constitutional standard of harmless beyond a reasonable doubt. According to the abstract, the trial court stated that the affidavit was admissible pursuant to Rule 804(b)(5). The appellant asked, "Can I inquire of Your Honor what facts or basis that the Court is relying on to make a finding that the statement is trustworthy?" The trial court replied, "No, you can't. I ruled 804(b)(5)." Certainly, the "particularized guaranties of trustworthiness" of evidence is the touchstone of a Confrontation Clause

argument. *See Idaho v. Wright*, 497 U.S. 805, 815 (1990). The appellant's own remarks did not limit his objection to Rule 804(b)(5), and the trial court summarily terminated any further discussion. In view of the appellant's abstracted request that the trial court analyze the trustworthiness of the evidence, his Confrontation Clause argument was properly preserved. As argued by the appellant at trial and on appeal, the introduction of the affidavit was contrary to the protection afforded the appellant by the Confrontation Clause. *See generally Wilson v. City of Pine Bluff*, 6 Ark. App. 286, 292, 641 S.W.2d 33, 37 (1982)("The [C]onfrontation [C]lause prevents the state from trying the defendant by using *ex parte* affidavits or depositions in lieu of examination and cross-examination of the witnesses in front of the trier of fact.") Further, the admission of the affidavit must be analyzed under the constitutional standard of harmless beyond a reasonable doubt.

Granted, our case law mandates that an issue must be raised both at trial and on appeal before it may be addressed, that the abstract must reflect that it was so raised, and that an appellate court cannot go to the record to reverse. In order to affirm, the majority narrowly read the appellant's abstract and argument on appeal. Further, it concludes that evidence was cumulative without being able to determine from the abstract whether it was cumulative. Our case law does not mandate this outcome.

I respectfully dissent.

NEAL, J., joins in this dissent.