# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1786

_____

Michael Cagle, Jr.,

        Appellant,

v.

Larry Norris, Director,
Arkansas Department of Correction,

        Appellee.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

_____

Submitted: October 17, 2006
Filed: January 24, 2007 (Amended: 2/22/2007)

_____

Before MELLOY, BEAM, and BENTON Circuit Judges.

_____

BENTON, Circuit Judge.

Michael Cagle, Jr., was convicted in Arkansas state court of murder in the first degree and sentenced to forty-years' imprisonment. He exhausted state court remedies and petitioned for writ of habeas corpus in federal district court. The district court[1] denied his petition. Cagle appeals asserting structural error in a jury instruction, and violation of the right to present a defense by an improper exclusion of evidence. For

_____

[1]The Honorable J. Leon Holmes, United States District Court for the Eastern District of Arkansas.

each claim, he further alleges ineffective assistance of counsel.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Cagle was convicted of murder in the first degree for fatally shooting Christopher Odom.  Preceding the shooting, he and Odom were involved with the same woman.  On October 3, 1997, Cagle saw Odom at a tavern, approached him, and asked him to step outside.  Cagle testified that once outside, he asked Odom about late-night phone calls to the woman's home.  Odom became "real mad" and threw one punch; Cagle threw one punch, and the two began wrestling in a standing position.  While wrestling, Cagle took a handgun from his belt and shot Odom twice in the torso.  Cagle admitted fatally wounding Odom but claimed Odom had him in a headlock, causing him to begin to lose consciousness and believe that his life was in danger.  Thus, Cagle gave evidence that the shooting was in self-defense, or justified.

Immediately after the shooting and before police arrived, Cagle left the scene in an automobile.  After traveling a few blocks, the car was stopped by police.  Cagle fled on foot, hiding the handgun in a nearby alley, where police later found it.  Cagle ran home, changed clothes, and grabbed some clothing.  He was then arrested.

Pretrial, the state prosecutor moved to exclude evidence that Odom's autopsy showed the presence of methamphetamine.  Over Cagle's objection, the evidence was excluded because the trial court found its prejudicial effect substantially outweighed any probative value.  As a proffer of evidence by Cagle during trial, but outside the hearing of the jury, the chief medical examiner of Arkansas, who preformed Odom's autopsy, testified that a sample of his heart blood showed meth at .24 micrograms per milliliter.  Although this evidence was excluded, during trial many eye witnesses testified regarding Cagle's and Odom's behavior and acts before, during, and after the shooting.

At the close of all evidence, the jury orally was instructed: "In this case, the State of Arkansas must prove beyond a reasonable doubt each element of the offense charged. On the other hand, the defendant, Mr. Cagle, is not required to prove his innocence." The trial court further instructed the jury using Arkansas Model Criminal Instruction 2d 704:

> Michael Cagle, Jr., asserts a defense to the charge of murder in the first degree that he was defending himself. This is a defense only if: first, Michael Cagle, Jr., reasonably believed that the victim was using or was about to use unlawful physical force upon him. And, secondly, Michael Cagle only used such force which he reasonably believed to be necessary.

> Michael Cagle would not have been justified in using physical force upon another if, with the purpose of causing physical injury or death to Chris Odom, Michael Cagle, Jr., provoked the use of unlawful physical force, or, he was the initial aggressor.

> However, if you find that Michael Cagle withdrew from the encounter and effectively communicated that to the person his intent to withdraw, then Michael Cagle, Jr., is no longer the initial aggressor when the other person continued or threatened to continue the use of unlawful physical force.

> And finally, "physical force," involved was the product of combat by agreement which is not authorized by law.

> Michael Cagle, Jr., in asserting this defense is required only to raise a reasonable doubt in your minds. Consequently, if you believe that this defense has been shown to exist or if the evidence leaves you with a reasonable doubt as to the guilt of murder in the first degree, then you must find him not guilty.

The jury convicted Cagle of murder in the first degree. Continuing with the same counsel, Cagle appealed to the Arkansas Court of Appeals claiming error in: (1)

permitting prosecutorial comment on Cagle's right to remain silent; (2) allowing spectators to wear buttons depicting Odom; and (3) excluding evidence of the meth found during Odom's autopsy. The appellate court affirmed. *Cagle v. State*, 6 S.W.3d 801 (Ark. Ct. App. 1999).

Utilizing new counsel, Cagle pursued post-conviction relief in the state trial court under Arkansas Rule of Criminal Procedure 37. Cagle claimed: (1) ineffective assistance of counsel in failing to object to jury instruction; (2) ineffective assistance of counsel in failing to adequately argue in favor of admitting the meth evidence; (3) ineffective assistance of counsel in failing to adequately argue against improper efforts to influence the jury, specifically spectators wearing buttons depicting Odom; (4) structural error in submission of an incorrect jury instruction; and (5) violation of the right to present a defense, specifically exclusion of the meth evidence. At the post-conviction relief hearing, Cagle called two witnesses, his trial counsel and a professor of pharmacology. Trial counsel testified regarding decisions made at trial, and the professor of pharmacology, accepted as an expert, testified in a proffer of evidence about meth intoxication. The trial court denied post-conviction relief. The Arkansas Supreme Court affirmed, finding the three assertions of ineffective assistance of counsel did not satisfy *Strickland v. Washington*, 466 U.S. 688 (1984). Regarding the claims of structural error and right to present a defense, the court found them inappropriate for post-conviction relief because they were not raised on direct appeal.

Pursuant to 28 U.S.C. § 2254, Cagle petitioned for habeas corpus in the district court, and his petition was denied. On appeal, he asserts the following claims: Submission of the jury instruction on justification caused structural error and counsel was ineffective in failing to object to it. Next, exclusion of the meth autopsy evidence denied Cagle the right to present a defense, and counsel was ineffective in failing to present evidence of the effects of meth intoxication.

-4-

## II.

On appeal of a denial of habeas corpus, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. ***Lyons v. Luebbers***, 403 F.3d 585, 592 (8th Cir. 2005); ***Kenley v. Armontrout***, 937 F.2d 1298, 1301 (8th Cir. 1991) (ineffective assistance of counsel claims reviewed *de novo*). If an issue is adjudicated on the merits in state court, a court shall not grant habeas relief unless the state court proceeding

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**28 U.S.C. § 2254(d)**. "A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result." ***Mitchell v. Esparza***, 540 U.S. 12, 15-16 (2003) (internal quotation marks omitted).

## A.

Cagle asserts ineffective assistance in counsel's failures to object to the justification jury instruction and to adequately argue for admission of meth evidence. "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." ***Wiggins v. Smith***, 539 U.S. 510, 521 (2003) *citing* ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). "Unless a defendant makes both showings, it cannot be said

that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687. Cagle, therefore, must "first establish that counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness." *Winfield v. Roper*, 460 F.3d 1026, 1033 (8th Cir. 2006). If objectively unreasonable performance is established, Cagle then must "show that the deficient performance prejudiced his defense. This requires proving that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been more favorable to [Cagle]. A reasonable probability is one sufficient to undermine confidence in the outcome." *Id. quoting Strickland*, 466 U.S. at 687 *and Wiggins*, 539 U.S. at 534 (internal citations omitted). Specifically, it must be determined "whether there is a reasonable probability that the defendant would not have been found guilty if counsel's performance had not been ineffective." *Lyons*, 403 F.3d at 594.

Cagle asserts ineffective assistance of counsel in failing to object to the jury instruction regarding the justification of self-defense. At trial, without objection by either party, the jury was instructed pursuant to Arkansas Model Criminal Instruction 2d (AMCI 2d) 704, Justification – Use of Physical Force in Defense of Person. Cagle contends that AMCI 2d 705, Justification – Use of Deadly Physical Force in Defense of Person, should have been given. In order to warrant habeas relief, Cagle must show counsel's failure to object was unreasonably deficient and that such deficiency prejudiced Cagle's defense creating a reasonable probability of acquittal absent counsel's ineffective performance. *Lyons*, 403 F.3d 594.

The Use of Deadly Physical Force instruction, AMCI 705, was based upon Arkansas Code § 5-2-607, which stated:

(a) A person is justified in using deadly physical force upon another person if he reasonably believes that the other persons is:

(1) Committing or about to commit a felony involving force or violence;

(2) Using or about to use unlawful deadly physical force; ....

(b) A person may not use deadly physical force in self-defense if he knows that he can avoid the necessity of using that force with complete safety:

(1) by retreating, except that a person is not required to retreat if he is in his dwelling and was not the original aggressor ....

Under Arkansas law, the self-defense justification "is not an affirmative defense which must be pled, but becomes a defense when any evidence tending to support its existence is offered to support it. It does not matter whether the evidence of self-defense comes from the defense's case or the prosecution's case." *Anderson v. State*, 108 S.W.3d 592, 604 (Ark. 2003) *quoting Doles v. State,* 631 S.W.2d 281, 282 (Ark. 1982). Further, "justification, such as self-defense, is considered an element of the offense, and once raised, must be disproved by the prosecution beyond a reasonable doubt." *Id. at 605*.

In the present case, the jury instruction given, AMCI 2d 704, required Cagle to show that he reasonably believed Odom was using or was about to use *physical force* upon him. The deadly force instruction, AMCI 2d 705, presently promoted by Cagle, would have required him to show a higher standard. Cagle would have been required to show he reasonably believed Odom was using or about to use *deadly physical force* or that he reasonably believed Odom was committing or about to commit a felony involving force or violence. *Ark. Code Ann. § 5-2-607(a)(1)&(2)*. Additionally, AMCI 2d 705 contains a duty to retreat, which is not a requirement of AMCI 2d 704. *Ark. Code Ann. § 5-2-607(b)(1)*. Further, while AMCI 2d 705 specifically authorizes deadly force, AMCI 2d 704 does not prohibit the use of deadly force, authorizing Cagle to use any force he reasonably believed necessary.

Cagle asserts that AMCI 2d 705, in contrast to the AMCI 2d 704 instruction given, would provide a self-defense justification even if he were the initial aggressor.

Although the deadly force statute mentions an original aggressor only in the context of retreat, "obviously the provocation restriction on the defense of justification applies equally to the use of 'physical force' and 'deadly physical force.'" ***Jones v. State***, 615 S.W.2d 388, 390 (Ark. Ct. App. 1981) (applying previous codification of deadly force statute that makes no mention of initial aggressor). "One who claims self-defense must show not only that the person killed was the aggressor, but that the accused used all reasonable means within his power and consistent with his safety to avoid the killing." ***Ricketts v. State***, 729 S.W.2d 400, 402 (Ark. 1987) (same). *See also* ***Craig v. State***, 14 S.W.3d 893, 900 (Ark. Ct. App. 2000) ("A person is justified in using deadly physical force ... only if he reasonably believes the other person was ... about to use unlawful deadly physical force and he was not the original aggressor.").

Consequently, Cagle was afforded a lesser standard to show self-defense as justification for Odom's death, and a AMCI 2d 705 instruction would not have relieved him of his initial aggressor burden. Even if counsel's failure to object to the submitted jury instruction fell below an objective standard of reasonableness, Cagle's defense was not prejudiced by the submission of the justification defense on use of physical force. Thus, Cagle does not meet his burden under *Strickland*. Additionally, this issue was fully adjudicated on the merits by the Arkansas courts, resulting in determinations that are not contrary to clearly established federal law and not based on an unreasonable determination of the facts in light of the evidence presented. Therefore, as to the claim of ineffective assistance of counsel in failure to object to the jury instruction, it does not mandate habeas relief, and the district court did not err in denying relief on this ground.

Cagle further contends ineffective assistance of counsel in failing to adequately argue for admission of the meth evidence. Cagle asserts that reasonably competent counsel would have presented expert testimony regarding meth intoxication to the trial court and that this evidence would have bolstered Cagle's testimony that Odom

became "real mad," threw a punch, and put Cagle in a headlock, making Cagle fear for his life.

"Reasonable performance of counsel includes an adequate investigation of facts, consideration of viable theories, and development of evidence to support those theories." *Lyons*, 403 F.3d at 594. "Judicial review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Abdi v. Hatch*, 450 F.3d 334, 337 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 590 (2006), *quoting Strickland*, 466 U.S. at 689. Although trial counsel did not present expert testimony to try to persuade the trial court to admit the autopsy evidence of meth usage, this decision neither fell below an objective standard of reasonableness nor prejudiced Cagle's defense. *See McCann v. Armontrout*, 973 F.2d 655, 660-61 (8th Cir. 1992) (counsel's failure to call drug expert did not prejudice the defense when defendant testified to his recollection and police officer testified to defendant's behavior). Cagle did not testify that he suspected or was afraid Odom was under the influence of meth or any other drug. *See Halfacre v. State*, 639 S.W.2d 734, 736 (Ark. 1982) (in determining whether self-defense is reasonable, the relevant issue is whether the defendant was aware of the victim's characteristics because it is relevant to the defendant's state of mind and the reasonableness of his fear of the victim). Further, during trial, multiple witnesses testified regarding Odom's behavior before, during, and after the shooting; none testified that Odom's behavior appeared unusual, aggressive, or drug-induced. Therefore, Cagle fails to show that counsel's performance fell below an objective standard of reasonableness or that any deficiency in performance prejudiced the defense. The issue of ineffective assistance of counsel regarding the meth evidence was fully adjudicated on the merits by the Arkansas state courts. Their determinations are not contrary to clearly established federal law and not based on an unreasonable determination of the facts in light of the evidence presented. Consequently, as to the claim of ineffective assistance of counsel regarding the meth evidence, the judgment

of the district court is affirmed and habeas relief is not appropriate regarding this issue.

## B.

Regarding Cagle's claims of structural error in submission of jury instruction and violation of the right to present a defense, the Arkansas Supreme Court found these issues inappropriate for post-conviction relief because they were not raised on direct appeal. The district court found that the supreme court's refusal strongly suggested that these claims were procedurally defaulted. The district court, however, in caution, addressed the issues. On appeal, Cagle contends that the government cannot assert procedural default as a bar to habeas review, as the government has done in appellee's brief. All federal circuit courts of appeal have "held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default." *Day v. McDonough*, __U.S.__, 126 S. Ct. 1675, 1682 (2006); *see King v. Kemna*, 266 F.3d 816, 821-22 (8th Cir. 2001) (en banc) (where government fails to raise issue of procedural default to panel, but argues default to court en banc, the court has the discretion to consider issue of procedural default *sua sponte*). In this case, this court will consider the issue of procedural bar.

As the last state court addressing Cagle's claims, the Arkansas Supreme Court ruled:

> Under Arkansas law, there are only three circumstances in which an issue that could have been raised on direct appeal may be raised for the first time in a post-conviction petition: (1) when a trial is had with less than 12 jurors; (2) when a defendant is convicted in a court that does not have jurisdiction; and (3) when a conviction is the result of a violation of constitutional protections against double jeopardy. The giving of the instruction does not fall into one of these categories. Attacking the conviction in this manner is not appropriate in a Rule 37 [post-conviction relief] proceeding.

-10-

*Cagle v. State*, No. CR 01-723, 2002WL 31628432 at *3 (Ark. Nov. 21, 2002).

Further, concerning Cagle's claim of violation of the right to present a defense due to the exclusion of autopsy evidence of meth, the court held:

> Appellant goes on to argue that the failure to have this testimony admitted was a structural error because appellant was denied the "right to present a defense." However, this scenario does not fit into any of the three categories deemed appropriate to be raised for the first time in a Rule 37 proceeding.

*Cagle,* 2002WL 31628432 at *4.

The Arkansas Supreme Court, therefore, declined to reach the merits of two of Cagle's constitutional claims in the post-conviction proceeding because it found the claims procedurally barred under Arkansas law. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (federal habeas action is barred when state court declined to address prisoner's claims because prisoner failed to meet state procedural requirement). Cagle contends the claims are not defaulted because he presented them in post-conviction proceedings. This contention fails because, when presented, they were procedurally barred under independent and adequate state law grounds. *See Harris v. Reed*, 489 U.S. 255 (1989) (explicit state court reliance upon procedural bar as an independent basis for its disposition of case precludes habeas review); *see also Peeler v. State*, No. CR97-1571, 1999WL459566 at *3 (Ark. July 1, 1999) ("It is well settled that claims of trial error, even those of constitutional dimensions, are not cognizable under Rule 37 unless the alleged error is sufficient to render the judgement of conviction absolutely void.").

"Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a

petition for habeas corpus absent a showing of cause and prejudice to excuse the default." ***Dretke v. Haley***, 541 U.S. 386, 388 (2004). This court "is prohibited from reviewing an issue the state court has resolved on an adequate and independent state ground, including procedural default." ***Winfield v. Roper***, 460 F.3d 1026, 1036 (8th Cir. 2006). "This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence." ***Reagan v. Norris***, 279 F.3d 651, 656 (8th Cir. 2002), *citing* ***Coleman,*** 501 U.S. at 750; ***Murray v. Carrier,*** 477 U.S. 478, 496 (1986); ***Schlup v. Delo,*** 513 U.S. 298, 326-27 (1995); *see* ***Embrey v. Hershberger***, 131 F.3d 739, 741 (8th Cir. 1997) (en banc) ("miscarriage of justice exception is concerned with actual as compared to legal innocence"); ***Abdullah v. Groose***, 75 F.3d 408, 411 (8th Cir. 1996) (en banc). "The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that fundamental fairness remains the central concern of the writ of habeas corpus." ***Dretke,*** 541 U.S. at 393.

To obtain review of a defaulted constitutional claim, "the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." ***Murray***, 477 U.S. at 488. Additionally, "the question of cause for procedural default does not turn on whether counsel erred or the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra,* we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." ***Id.*** If a prisoner fails to demonstrate cause, the court need not address prejudice. ***Mathenia v. Delo***, 99 F.3d 1476, 1481 (8th Cir. 1996). On appeal, Cagle points to no external factor impeding compliance with Arkansas procedural law and demonstrates no cause for the procedural default. *See* ***Engle v. Issac***, 456 U.S. 107, 119-25 (1982) (state law

procedural bar concerning objection to self-defense instruction during trial does not constitute cause necessary to obtain habeas review).

Additionally, Cagle neither claims nor demonstrates miscarriage of justice through actual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. *See **Engle***, 456 U.S. at 135 (victims of a fundamental miscarriage of justice generally meet the cause-and-prejudice standard); ***Embrey***, 131 F.3d at 741 ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime"). In this case, there is no evidence of miscarriage of justice, or actual innocence, as required for habeas review.

This court affirms the district court on other grounds because Cagle has not demonstrated cause and prejudice or miscarriage of justice through actual innocence.

The judgment of the district court is affirmed.

_____