Roosevelt FERGUSON v. STATE of Arkansas

CR 88-213                                     769 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered May 8, 1989

*Maxie G. Kizer*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was convicted of capital murder and sentenced to life in prison without parole. The sole issue on appeal is the sufficiency of the evidence. We affirm

the judgment of conviction.

In considering the sufficiency of the evidence on appeal, we need consider only the evidence favorable to the appellee and affirm if the jury's verdict is supported by substantial evidence. *Moore* v. *State*, 297 Ark. 296, 761 S.W.2d 894 (1988). Substantial evidence is evidence of sufficient force and character that it will, with reasonable and material certainty, compel a conclusion one way or the other, forcing the mind to pass beyond mere suspicion and conjecture. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). Circumstantial evidence may constitute substantial evidence to support a conviction. *Still* v. *State*, 294 Ark. 117, 740 S.W.2d 926 (1987).

The evidence, viewed in the light most favorable to the State, is as follows. The victim, Annie Bell Hall Killingsworth, the owner of an apartment complex, was murdered on the night of July 31, 1986. Medical evidence showed that she died of simultaneous suffocation and strangulation. The medical examiner testified that the simultaneous suffocation and strangulation was evidence that two people physically participated in the murder. Entry into the victim's apartment was gained by removing the glass from a window. Milton Jones's fingerprints were found at the place of entry. The victim had about $10,000.00 in cash in her apartment, and it was gone when her corpse was found. The foregoing is circumstantial evidence that Milton Jones and someone else burglarized the victim's apartment and in the course of, or in the furtherance of the burglary, murdered the victim. This meets the definition of capital murder. *See* Ark. Code Ann. § 5-10-101(a)(1) (1987).

The evidence further reveals that Erma McCoy saw Milton Jones and the appellant behind the victim's apartment late on the night of July 31st. Ms. McCoy testified that when she saw them, the appellant told Milton Jones, "Milton, get Erma, grab Erma." Immediately afterwards he said, "She's dead." Since Ms. McCoy is still alive, the jurors were free to infer that the latter statement was about the victim.

After the murder the appellant fled to Kansas City and later to California. Jones was arrested shortly after the murder, was convicted of capital murder, and sentenced to life without parole. *Jones* v. *State*, 296 Ark. 135, 752 S.W.2d 274 (1988). Appellant

was not apprehended until April of 1988. At that time he gave a statement in which he confessed that he and Jones had been drinking on July 31st when Jones suggested that they rob Ms. Killingsworth. He said Jones removed the window glass and went in first. Appellant followed. Jones was in the victim's bedroom looking for money when she saw him. Appellant said that Jones killed Ms. Killingsworth because he thought she recognized him. He said he personally went in for the sole purpose of taking the cash.

At trial he took the stand and changed his story. He testified that by the time he went through the window, Jones had already killed Ms. Killingsworth and was sorting through her belongings. He said he only took a pillow off her face and put it on her chest.

Clearly there was sufficient proof to support the verdict of guilty. Direct evidence places the appellant at the scene of the crime and taking part in the burglary. Circumstantial evidence shows him participating in the murder. The jury was free to accept some parts of appellant's testimony and reject other parts. *Core* v. *State*, 265 Ark. 409, 578 S.W.2d 581 (1979). Further, his flight to avoid arrest can be considered as corroboration of evidence tending to establish guilt. *Yedrysek* v. *State*, 293 Ark. 541, 739 S.W.2d 672 (1987).

Pursuant to Rule 11(f) of the Rules of the Supreme Court and the Court of Appeals of Arkansas, we have reviewed all objections decided adversely to the appellant and find no prejudicial error.

Affirmed.