Benny Lee KILLCREASE *v.* STATE of Arkansas

CR 92-74                                        836 S.W.2d 380

Supreme Court of Arkansas
Opinion delivered September 14, 1992

*Keil & Goodson*, by: *John C. Goodson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Benny Lee Killcrease, was convicted of raping his eight-year-old daughter by engaging in deviate sexual activity with her on occasions from December 8 to 29, 1990. He was sentenced to life imprisonment. He contends the Trial Court erred by (1) allowing the victim's grandmother to testify about hearsay statements made by the victim about the sexual abuse and (2) allowing a police officer to testify that he, Killcrease, was arrested in Louisiana shortly after he was informed that his case was turned over to the prosecuting attorney's office. We find no error and affirm.

The victim testified Killcrease required her to engage in oral intercourse. The incidents occurred mainly on Saturdays while the victim's mother was at work. On December 29th, the victim told her mother and grandmother about it, and she was promptly taken to the Texarkana police station where she was interviewed by Officer Charles Davis. At trial, Killcrease denied the accusation.

On December 29th, Officer Davis advised Killcrease that he was being investigated for sexually abusing his daughter and told him to move out of the home he shared with her. On December 31st, Officer Davis informed Killcrease the case was being turned over to the prosecuting attorney's office. That same day Killcrease left Arkansas, and he was arrested seven days later in New Orleans, Louisiana. Killcrease explained that he went to New Orleans to find a job, although no witnesses corroborated his testimony. At the time Killcrease left for Louisiana, no warrant had been issued or charges filed in connection with the case.

## 1. Excited utterance

During direct examination, the victim's grandmother was allowed to testify that the victim told her "I didn't want to do it, he made me do it grandma, I didn't want to do it." The grandmother further stated the victim said her daddy had been "doing things to her." Killcrease argues these statements were inadmissible hearsay not within the excited utterance exception in Ark. R. Evid. 803(2) (1992).

The grandmother explained the victim made these statements to her on December 29th at approximately noon while upset and crying. The victim told her grandmother she was upset because she had been sexually abused by Killcrease earlier that day.

A statement relating to a startling event made while the declarant is under the stress of excitement caused by the event is not excluded by the hearsay rule. A.R.E. 803(2). For the excited utterance exception to apply, there must be an event which excites the declarant. Also, the statement must be uttered during the period of excitement and must express the declarant's reaction to the event. *Smith* v. *State*, 303 Ark. 524, 798 S.W.2d 94 (1990).

In the *Smith* case a three-year-old child who witnessed a murder made statements about the incident to his mother the day after the murder occurred. The Trial Court allowed the mother to testify about what the child told her under the excited utterance exception. We affirmed based on the fact that the child was crying and frightened when making the statements to his mother.

■ Borrowing from *United States* v. *Iron Shell*, 633 F.2d 77 (8th Cir. 1980), we stated the factors to consider in determining whether a statement is an excited utterance include (1) the age of the declarant, (2) the physical and mental condition of the declarant, (3) the characteristics of the event, and (4) the subject matter of the statement, and we noted that the lapse of time between the startling event and the out-of-court statement, although relevant, is not dispositive of the application of the excited utterance exception to the hearsay rule.

■ The testimony here indicated the eight-year-old victim was sexually abused by her father the morning of the 29th. This abuse constitutes a "startling event" within the meaning of Rule 803(2). *See Weaver* v. *State*, 271 Ark. 853, 612 S.W.2d 324 (Ark. App. 1981). Around noon on that day, while still upset and under the stress of the startling event, the victim told her grandmother about the abuse. The statements made by the victim to her grandmother fit clearly within the excited utterance exception, and the Trial Court's decision was correct. *See also Cole* v. *State*, 307 Ark. 41, 818 S.W.2d 573 (1991); *Russell* v. *State*, 306 Ark. 436, 815 S.W.2d 929 (1991); *Dandridge* v. *State*, 292 Ark. 40, 727 S.W.2d 851 (1987).

■■ Killcrease also argues the Trial Court should not have allowed the grandmother to testify about what the victim said without finding the victim unavailable to testify. Under the clear language of Rule 803, excited utterances are admissible even though the declarant is available as a witness. It is true that under the Sixth Amendment Confrontation Clause the State must usually either produce or demonstrate the unavailability of the declarant whose statement it wishes to use against the defendant. *Idaho* v. *Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); *Smith* v. *State*, *supra*. Killcrease did not raise the Sixth Amendment issue below. Even constitutional issues may not be raised for the first time on appeal. *Ussery* v.

*State*, 308 Ark. 67, 822 S.W.2d 848 (1992).

■ Furthermore, the victim testified at trial and was subject to extensive cross examination. When a declarant testifies at trial and is subject to unbridled cross examination, the Confrontation Clause is not violated by the admission of hearsay statements made by that declarant. *Watson v. State*, 308 Ark. 444, 825 S.W.2d 569 (1992).

### 2. Flight from arrest

Officer Davis testified over objection that Killcrease was arrested in New Orleans soon after he was told that his case was turned over to the prosecuting attorney's office. The State argued evidence of Killcrease's flight from Arkansas to avoid arrest was relevant to corroborate his guilt. Killcrease asserts the evidence was irrelevant and prejudicial because no warrant had been issued or charges filed before he left the State. Essentially, Killcrease did not know he was going to be arrested or charged before leaving.

■ Whether the probative value of evidence is outweighed by the danger of unfair prejudice is a matter addressed to the discretion of the trial judge, and the decision will not be disturbed absent a manifest abuse of discretion. *Logan v. State*, 300 Ark. 35, 776 S.W.2d 341 (1989).

■ Officer Davis did not specifically testify that Killcrease fled Arkansas to avoid being arrested for rape. He testified that New Orleans was where the arrest occurred. Killcrease explained he went to New Orleans only to find a job. Flight to avoid arrest may be considered by the jury as corroboration of evidence tending to establish guilt. *Riddle v. State*, 303 Ark. 42, 791 S.W.2d 708 (1990); *Ferguson v. State*, 298 Ark. 600, 769 S.W.2d 418 (1989). It was up to the jury to determine whether Killcrease fled Arkansas to avoid arrest. We cannot say the Trial Court abused its discretion by allowing the officer to testify that Killcrease was arrested in Louisiana.

Affirmed.