**Ralph BUSSARD, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.**

No. 93–3231.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided Aug. 5, 1994.

Garry J. Corrothers, Little Rock, AR, argued, for appellant.

Joseph V. Svoboda, Little Rock, AR, argued (Winston Bryant and Joseph V. Svoboda, on the brief), for appellee.

Before LOKEN, Circuit Judge, FRIEDMAN * and JOHN R. GIBSON, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

Ralph Bussard appeals from the district court's order denying him a writ of habeas corpus. He argues that his trial counsel in his felony murder case was ineffective in that he failed to object to two remarks the prosecutor made in his closing argument. We hold that the failure to object to the two comments was not unreasonable and therefore counsel was not unconstitutionally ineffective. We affirm the order of the district court.[1]

Bussard was tried for first-degree felony murder in the State of Arkansas after unknown intruders entered a motel in the middle of the night, robbed and shot the motel-keepers, killing one, then fled into the night. The day after the shooting Bussard showed up at a hospital with a gunshot wound, shown by ballistics evidence to have been inflicted by a gun found under the body of the dead motel-keeper. *Bussard v. State,* 300 Ark. 174, 778 S.W.2d 213, 214 (1989). After his arrest in connection with the murder, Bussard escaped and was a fugitive for four years. He was apprehended and convicted. His first conviction was vacated, *Bussard v. State,* 295 Ark. 72, 747 S.W.2d 71 (1988), but he was retried and convicted of capital felony murder and sentenced to life imprisonment without parole. The second conviction and sentence were affirmed. *Bussard,* 778 S.W.2d 213.

After his state court petition for post-conviction relief was denied, *Bussard v. State,* No. Cr. 89–87, 1992 WL 29147 (Ark. Feb. 17, 1992), he petitioned for a writ of habeas corpus in the federal court for the Eastern District of Arkansas. The court appointed counsel for Bussard.

Bussard argued that his counsel was ineffective in failing to object to two remarks the prosecutor made in closing argument. The first remark was in response to the following statement of Mr. Kissee, Bussard's counsel:

As the judge mentioned to you, Ralph Bussard does not have to take the stand and testify, that is our law. In this case, when the judge first asked us to call out witnesses, you'll remember that my witnesses were the same as the State's witnesses. We had nothing else to add to their story.

The prosecutor then argued:

Mr. Kissee says, and I quote: "Ralph does not have to take the stand and testify." That's right. What can I say? That's true. He said, "We had nothing to add to their story." Who's the "we" Mr. Kissee's talking about? Him? Mr. Johnson [co-counsel for defense]? Who's he talking about? We had nothing to add to their story. Why did Mr. Kissee even mention that? Is it to account for something you haven't heard? Think about that.

The second remark Bussard complained that his counsel should have objected to was a reference to Bussard's escape and the in-

* The HONORABLE DANIEL M. FRIEDMAN, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas.

ference of guilt to be drawn from the escape. The prosecutor said:

> Proverbs 28:1 fits it just as clear as it can be. "The guilty flee when no man pursueth while the righteous stand bold as a lion." He fled to avoid coming to trial. That shows guilt.

The magistrate judge who reported to the district court on this case stated that he found "no support for the proposition that objections to the prosecutor's actions would have changed the outcome of the trial."

Under the rule of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to win habeas relief on the ground of ineffective assistance of counsel, a convicted defendant must show "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, 104 S.Ct. at 2064, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [trial] would have been different." *Id.* at 694, 104 S.Ct. at 2068. Our "scrutiny of counsel's performance must be highly deferential," *id.* at 689, 104 S.Ct. at 2065, and we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

■ We have often deferred to counsel's decisions about whether to object to a statement in a prosecutor's summation as "strategic" decisions. *See, e.g., Meis v. Wyoming Dep't of Corrections,* 9 F.3d 695, 697 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1650, 128 L.Ed.2d 369 (1994); *Girtman v. Lockhart,* 942 F.2d 468, 474 (8th Cir.1991); *Hayes v. Lockhart,* 852 F.2d 339, 346 (8th Cir.1988), *vacated on other grounds,* 491 U.S. 902, 109 S.Ct. 3181, 105 L.Ed.2d 691 (1989). Counsel's decision to object during the prosecutor's summation must take into account the possibility that the court will overrule it and that the objection will either antagonize the jury or underscore the prosecutor's words in their minds. Thus, the question we have to ask is not whether the prosecutor's comments were proper, but whether they were so improper that counsel's only defensible choice was to interrupt those comments with an objection.

■ In this case, defense counsel's decisions not to object to the comments were reasonable. The first remark, which Bussard characterizes as a comment on his failure to testify, was ambiguous enough that it is difficult to say, even with the benefit of hindsight, exactly what the prosecutor meant. The Arkansas Supreme Court, considering this excerpt, concluded: "[W]e cannot say that the state's comment even falls within the category of a veiled reference to the accused's failure to testify." No. CR 89–87, slip op. at 8. We add that even if it was a veiled reference, it was sufficiently veiled that a lawyer might well choose to leave it under wraps, rather than making an objection that would invite the jury to ponder the ambiguous statement.

■ We see no more merit in Bussard's complaint about his counsel's failure to object to a Biblical reference. The prosecutor did not use the Bible to invoke the wrath of God against Bussard or to suggest that the jury apply divine law as an alternative to the law of Arkansas. Instead, the prosecutor simply resorted to Proverbs for a more poetic version of a common-sense connection expressly recognized by Arkansas law: flight suggests consciousness of guilt. *See Killcrease v. State,* 310 Ark. 392, 836 S.W.2d 380, 382 (1992) (flight from arrest corroborates other evidence of guilt); *Ward v. State,* 35 Ark. App. 148, 816 S.W.2d 173, 175 (1991) (flight from scene of crime). Bussard's lawyer did not fall below the standard of reasonableness by letting this comment go without objection.

Accordingly, we affirm the judgment of the district court.