# IN THE SUPREME COURT OF THE STATE OF NEVADA

SIAOSI VANISI,
Appellant,
vs.
RENEE BAKER, WARDEN; AND THE
STATE OF NEVADA,
Respondents.

No. 65774

FILED

SEP 28 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from an order of the district court denying appellant Siaosi Vanisi's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Vanisi murdered University of Nevada-Reno Police Sergeant George Sullivan and stole his duty belt and firearm. Vanisi also committed several other armed robberies on the night of the murder. Vanisi was convicted of first-degree murder, three counts of robbery with the use of a deadly weapon, and grand larceny. The jury sentenced him to death. This court affirmed the judgment of conviction on appeal. *Vanisi v. State*, 117 Nev. 330, 22 P.3d 1164 (2001). Vanisi unsuccessfully sought relief in a prior postconviction petition for a writ of habeas corpus. *Vanisi v. State*, Docket No. 50607 (Order of Affirmance, April 20, 2010). In this appeal from the dismissal of his second postconviction petition, Vanisi argues that the district court erred in concluding that prior postconviction counsel was not ineffective and that consequently he had not demonstrated good cause to raise procedurally barred ineffective-assistance-of-trial-and-appellate-counsel claims.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-32999

*Procedural bars*

Vanisi's postconviction petition for a writ of habeas corpus is subject to several procedural bars. The petition was untimely as it was filed more than one year after this court issued its remittitur on direct appeal. NRS 34.726(1). To the extent that the petition raised the same claims that were raised in prior petitions, it was successive. NRS 34.810(1)(b)(2); NRS 34.810(2). To the extent that the petition raised new claims that could have been litigated in a prior proceeding, it constituted an abuse of the writ. NRS 34.810(1)(b); NRS 34.810(2). Petitions that are untimely, successive, or constitute an abuse of the writ are subject to dismissal absent a showing of good cause and prejudice. NRS 34.726(1); NRS 34.810(1)(b), (3). As cause to overcome the procedural default rules, Vanisi contends that prior postconviction counsel provided ineffective assistance. *See Crump v. Warden*, 113 Nev. 293, 304-05, 934 P.2d 247, 254 (1997) (recognizing that ineffective assistance of postconviction counsel may establish cause and prejudice to file second postconviction petition where counsel was appointed pursuant to a statutory mandate).

*Ineffective assistance of postconviction counsel*

Vanisi argues that the district court erred in concluding that his claims of ineffective assistance of postconviction counsel lacked merit and thus failed to provide good cause to overcome the procedural bars. To be entitled to relief, Vanisi must demonstrate that his postconviction counsel's performance was deficient for failing to raise the underlying claims of ineffective assistance of counsel in his prior petition, and that prejudice resulted. *See Rippo v. State*, 132 Nev., Adv. Op. 11, 368 P.3d 729, 740-41 (2016) (adopting the *Strickland v. Washington*, 466 U.S. 668

(1984), analysis for ineffective assistance of postconviction counsel claims), *vacated on other grounds by Rippo v. Baker*, ___ U.S. ___, 137 S. Ct. 905 (2017); *see also Crump*, 113 Nev. at 304-05, 934 P.2d at 254. Therefore, in evaluating whether postconviction counsel were ineffective, we must consider the merits of the omitted claims of ineffective assistance of trial or appellate counsel. Both deficiency and prejudice must be shown, *Rippo*, 368 P.3d at 741, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). A petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

### *Failure to investigate mitigation evidence*

Vanisi contends the district court erred in denying his claim that postconviction counsel was ineffective for failing to investigate mitigation evidence to substantiate an ineffective-assistance-of-trial-counsel claim. After conducting an evidentiary hearing, the district court concluded that, while postconviction counsel may have elected among several strategies for litigating his petition, Vanisi failed to prove that counsel's chosen strategy, in which counsel focused nearly entirely on litigating a competency motion during the pendency of the postconviction

SUPREME COURT
OF
NEVADA

(O) 1947A

petition, was objectively unreasonable. We conclude that the district court erred.

Postconviction counsels' decision to pursue a competency motion, to the exclusion of investigating mitigation evidence to support the ineffective-assistance-of-trial-counsel claim, was objectively unreasonable. The competency motion would not have provided relief as contemplated by a postconviction petition. A postconviction petition is a petitioner's opportunity to challenge the effectiveness of trial and appellate counsel. Instead, by counsel's own admission, he sought to use the delay from successful litigation of the motion to investigate other claims.[1] This was not an effective strategy for litigating the postconviction petition as it is not clear that, even if Vanisi were incompetent, the postconviction proceedings would have been stayed. Although *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 813-15 (9th Cir. 2003), *abrogated by Ryan v. Gonzales*, 568 U.S. 57 (2013), held that a federal postconviction petitioner had a right to be competent to assist statutorily appointed counsel, the decision was not binding authority on the Nevada state district court. *See Blanton v. North Las Vegas Mun. Court*, 103 Nev. 623, 633, 748 P.2d 494, 500 (1987) ("[D]ecisions of the federal district court and panels of the

---

[1]Counsel also indicated that they had hoped they could demonstrate that Vanisi could not be rendered competent and therefore prevent his execution. This does not render their actions any more reasonable because, while Vanisi's first timely postconviction petition was his only opportunity to freely litigate prior counsels' effectiveness, he could seek a stay of execution based on insanity at any time "there is a good reason to believe that [he] has become insane." NRS 176.425(1).

federal circuit court of appeal are not binding upon this court."). As this court has not addressed whether a capital defendant must be competent during postconviction proceedings, counsel should not have forsaken reasonable investigations into postconviction claims in favor of litigating a motion of speculative value. In addition, the litigation of the competency motion does not fully explain prior postconviction counsel's failure to investigate mitigation evidence. *Rohan* was not decided until 17 months after Vanisi filed his postconviction petition, and counsel did not file the competency motion until 17 months after *Rohan* was decided. But more importantly, counsels' own records do not indicate that *Rohan* was a concern until 27 months after counsel was appointed. The decision to pursue the competency motion is not a reasonable defense for counsel's failure to investigate mitigation evidence during the more than two years between their appointment and their focus on *Rohan*.

Postconviction counsel also indicated that they did not investigate additional mitigation evidence to support the trial-counsel claim because the case in aggravation had been so strong that it was unlikely any mitigation evidence would have altered the outcome at the penalty hearing. The district court's order suggests that postconviction counsel's decision to delay investigation of mitigation evidence based on their assessment of the case in aggravation did not fall below an objective standard of reasonableness. We disagree. The Supreme Court has observed that trial counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Postconviction counsel's duty is similar when it comes to a timely, first postconviction petition in a

capital case.[2] Here, postconviction counsel did not suggest that they had reason to believe an investigation would be fruitless or harmful. *See id.* ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). Counsel had not investigated possible mitigation evidence before reaching this conclusion. Instead, postconviction counsel assessed the strength of the challenge to trial counsel's mitigation investigation and presentation and whether to expend any resources on it based on the hope that they would prevail on the competency motion and the strength of the case in aggravation. We have explained the unreasonableness of postconviction counsel's decision to focus on the competency motion above. Their decision to forgo investigating mitigating evidence by relying on the strength of the aggravation case, while oblivious to the nature and extent of potential mitigation evidence, was equally unreasonable. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 281 (1996) (providing that counsel's decision not to present penalty phase witnesses was not reasonable where counsel failed to investigate their potential testimony); *State v. Love*, 109 Nev. 1136, 1141, 865 P.2d 322, 325 (1993) (Rose and Steffen, JJ., concurring) ("Legal and factual judgments erroneously made because of inadequate investigation may be deemed ineffective assistance of counsel.").

---

[2]This is not to suggest that postconviction counsel has a duty to investigate the entire case from the ground up. *See In re Reno*, 283 P.3d 1181, 1213-14 (Cal. 2012).

The evidentiary hearing conducted in the district court did not address whether Vanisi was prejudiced by postconviction counsels' failure to litigate the claim that trial counsel were ineffective for failing to discover and present mitigation evidence. Accordingly, we remand this matter to the district court to conduct an evidentiary hearing concerning whether Vanisi was prejudiced by postconviction counsel's failure to substantiate their claim of ineffective assistance of trial counsel for failure to introduce additional mitigation evidence. The hearing should address whether trial counsel could have discovered and presented the evidence as well as whether there was a reasonable probability of a different outcome at the penalty hearing had this additional mitigation evidence been presented.[3]

---

[3]Vanisi also contends that postconviction counsel were ineffective for failing to investigate additional mitigation evidence to be used during the reweighing analysis conducted after aggravating circumstances were struck during the first postconviction proceeding. He further contended that postconviction counsel should have also asserted that reweighing could only be done by a jury. This court has repeatedly rejected the contention that new mitigating evidence must be considered in the reweighing calculus when an aggravating circumstance has been invalidated. *See Bejarano v. State*, 122 Nev. 1066, 1081, 146 P.3d 265, 276 (2006); *Rippo v. State*, 122 Nev. 1086, 1093-94, 146 P.3d 279, 284 (2006); *Archanian v. State*, 122 Nev. 1019, 1040-41, 145 P.3d 1008, 1023 (2006); *State v. Haberstroh*, 119 Nev. 173, 184 n.23, 69 P.3d 676, 683 n.23 (2003); *Bridges v. State*, 116 Nev. 752, 766, 6 P.3d 1000, 1010 (2000). In addition, this court may properly conduct reweighing analysis. *See Clemons v. Mississippi*, 494 U.S. 738, 741 (1990) ("[T]he Federal Constitution does not prevent a state appellate court from upholding a death sentence that is based in part on an invalid or improperly defined aggravating circumstance either by reweighing of the aggravating and mitigating evidence or by harmless-error review.").

*Premeditation instruction*

Vanisi contends that postconviction counsel were ineffective for failing to argue that appellate counsel were ineffective for failing to challenge the premeditation instruction. Further, Vanisi asserts appellate counsel were ineffective for failing to argue that Vanisi's due process and equal protection rights were violated by the instruction. We conclude that the district court did not err in denying this claim.[4] In *Byford v. State*, this court disapproved of the *Kazalyn*[5] instruction on the mens rea required for a first-degree murder conviction based on willful, deliberate, and premeditated murder, and provided the district courts with new instructions. 116 Nev. 215, 233-37, 994 P.2d 700, 712-15 (2000). As *Byford* was decided while Vanisi's appeal was pending, it applied to Vanisi. Nevertheless, Vanisi cannot demonstrate prejudice based on appellate counsel's failure to challenge the *Kazalyn* instruction. The evidence presented at trial demonstrated that Vanisi had contemplated murdering a police officer for a considerable amount of time. He expressed his plan to murder a police officer and take his belt, radio, and gun to numerous people over the days before the murder. He purchased the

---

[4]Vanisi also asserts that this error was compounded by counsels' failure to investigate and introduce evidence that Vanisi was not capable of premeditation and deliberation. As a direct appeal is limited to matters appearing in the record, *see Tabish v. State*, 119 Nev. 293, 312 n.53, 72 P.3d 584, 596 n.53 (2003), appellate counsel could not be faulted for not conducting an extra record investigation to support the challenge to the instruction.

[5]*Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992).

murder weapon after expressing his plan. He then ambushed a police officer at a location where police officers routinely stopped to complete paperwork while on patrol. These actions strongly support the conclusion that the murder was premeditated, deliberate, and willful. Moreover, this evidence overwhelmingly demonstrated that the murder occurred after Vanisi lay in wait for the victim and during the course of a robbery, therefore, Vanisi failed to demonstrate that appellate counsel's failure to argue the *Kazalyn* instruction violated his constitutional rights on appeal prejudiced him. As such, postconviction counsel cannot be faulted for omitting this issue.

### *Insanity plea*

Vanisi contends that prior postconviction counsel should have argued that *Finger v. State*, 117 Nev. 548, 27 P.3d 66 (2001), provided good cause to raise a claim that the Legislature unconstitutionally barred him from pleading insanity. We conclude that Vanisi failed to demonstrate that postconviction counsel acted unreasonably or that he was prejudiced. Vanisi was not "in a delusional state such that he [could not] know or understand the nature and capacity of his act, or his delusion [was] such that he [could not] appreciate the wrongfulness of his act." *Id.* at 576, 27 P.3d at 84-85; NRS 174.035(4). Vanisi repeatedly told others of his plan to murder a police officer and steal his weapon and radio, ambushed the victim at night, fled Nevada, and was arrested after barricading himself in a residence in Utah. These actions indicate that Vanisi appreciated the wrongfulness of his actions and that postconviction counsel did not act unreasonably in not pursuing a claim based on *Finger*.

*Failure to contact consulate*

Vanisi contends that under the Vienna Convention, trial counsel should have notified the Tongan Consulate of his arrest and prosecution so that it could have aided in conducting an investigation into his background. Vanisi contends that he was prejudiced by postconviction counsel's failure to investigate prejudice related to this claim.

We conclude that Vanisi failed to demonstrate that had trial counsel been successful in contacting the Tongan consular authorities, counsel would have been able to introduce evidence that would have altered the outcome of the trial. Although born in Tonga, Vanisi travelled to the United States when he was six years old. He did not start experiencing symptoms of mental illness until decades later. Further, much of his family and extended family had already moved to the United States at the time of trial. Therefore, evidence about attitudes concerning mental health in Tongan culture are of little relevance and have little resonance relative to the information developed from sources in the United States about Vanisi's mental health. As Vanisi failed to demonstrate that the result of the trial would have been different had counsel received assistance from the Tongan consulate, he failed to demonstrate that postconviction counsel neglected to raise a viable claim that trial counsel were ineffective in this regard.

*Mutilation aggravating circumstance*

Vanisi contends that postconviction counsel were ineffective for failing to claim that trial and appellate counsel were ineffective for failing to challenge the validity of the mutilation aggravating circumstance and instruction. He asserts that the aggravating

circumstance could be applied to every murder, there was insufficient evidence to support the circumstance, and the instruction was improper. We conclude that this argument lacks merit. Contrary to Vanisi's assertion, the mutilation aggravating circumstance narrows the class of those eligible for the death penalty. It could not fairly be applied to every defendant who is eligible for the death penalty (all defendants convicted of first-degree murder). *Arave v. Creech*, 507 U.S. 463, 474 (1993) (explaining that an aggravating circumstance is constitutionally infirm "[i]f the sentencer fairly could conclude that an aggravating circumstance applies to *every* defendant eligible for the death penalty"). In particular, not all first-degree murders involve mutilation. By identifying the subclass of first-degree murderers who mutilate the victim's body as more deserving of death, the Legislature has "narrowed in a meaningful way the category of defendants upon whom capital punishment may be imposed." *Id.* at 476 (explaining that not all defendants eligible for the death penalty in Idaho (all first-degree murderers) are "cold-blooded" and that by identifying "the subclass of defendants who kill without feeling or sympathy as more deserving of death," Idaho "has narrowed in a meaningful way the category of defendants upon whom capital punishment may be imposed"). Therefore, Vanisi failed to demonstrate that counsel was ineffective for failing to make a constitutional challenge to the validity of the aggravating circumstance.

We further reject his arguments that the aggravating circumstance was not supported by sufficient evidence or that the instruction was improper. This court has concluded that "Vanisi's assault went beyond the act of killing itself and resulted in mutilation of the

victim's body." *Vanisi v. State*, 117 Nev. 330, 343, 22 P.3d 1164, 1173 (2001). Vanisi struck the victim at least 20 times about the head and stomped on his head after he had been felled. *Id.* at 342, 22 P.3d at 1172-73. The given instruction was largely consistent with instructions that have been approved. *Id.* at 343, 22 P.3d at 1173. Although it contained language that defined mutilation as "depraved physical abuse beyond the act of killing itself," that language was not prejudicial because there was compelling evidence of mutilation. *Id.* Therefore, Vanisi failed to demonstrate that postconviction counsel failed to raise a meritorious claim based on trial counsel's failure to object to the circumstance or instruction.

### *Jury instructions*

Vanisi argues that postconviction counsel were ineffective for failing to assert that trial and appellate counsel were ineffective for failing to challenge several jury instructions.

First, Vanisi argues that postconviction counsel were ineffective for not arguing that appellate counsel was ineffective for neglecting to challenge the malice and anti-sympathy instructions. He asserts that the instructions prevented the jury from considering evidence related to his character and background and the malice instruction given during the guilt phase is impermissibly vague. Because we have repeatedly upheld these instructions, *see Byford v. State*, 116 Nev. 215, 232, 994 P.2d 700, 712 (2000) (upholding malice instruction where the jury is properly instructed on the presumption of innocence); *Sherman v. State*, 114 Nev. 998, 1011, 965 P.2d 903, 912 (1998) (upholding anti-sympathy instruction where trial court also instructs the jury to consider mitigating facts); *Leonard v. State*, 114 Nev. 1196, 1208, 969 P.2d 288, 296 (1998)

(upholding definition of malice referring to "heart fatally bent on mischief"), postconviction counsel's omission of this appellate-counsel claim does not fall below an objective standard of reasonableness.

Second, Vanisi argues that postconviction counsel were ineffective for neglecting to argue that trial and appellate counsel were ineffective for failing to assert that the district court should have instructed the jury that the aggravating circumstances had to outweigh the mitigating circumstances beyond a reasonable doubt. We disagree. The weighing of aggravating and mitigating circumstances is not a factual determination and thus it is not subject to the proof beyond a reasonable doubt standard. *Nunnery v. State*, 127 Nev. 749, 775-76, 263 P.3d 235, 253 (2011); *accord Kansas v. Carr*, ___ U.S. ___, 136 S. Ct. 633, 642 (2016) (concluding that the weighing of aggravating and mitigating circumstances is not subject to the beyond a reasonable doubt standard). Therefore, the district court did not err in denying this claim of ineffective assistance of postconviction counsel.

*Appellate counsel's failure to challenge victim impact evidence*

Vanisi asserts that postconviction counsel were ineffective for not arguing that appellate counsel was ineffective for failing to assert that the State introduced improper victim impact evidence during the penalty hearing. We conclude that the district court did not err in denying this claim. Most of the testimony by the challenged witnesses, whether those witnesses were related to the victim or not, was permissible. *See Sherman*, 114 Nev. at 1014, 965 P.2d at 914 (recognizing that evidence of the instant murder's impact "on the victim's family is relevant to show the damage done by the murder"); *Wesley v. State*, 112 Nev. 503, 519, 916 P.2d

793, 804 (1996) (recognizing that "this court has held that individuals outside the victim's family can present victim impact evidence"). The victim's wife briefly exceeded the bounds of permissible victim impact testimony by addressing whether Vanisi felt remorse and that he should be kept away from the community forever. *See Bosse v. Oklahoma*, ___ U.S. ___, 137 S. Ct. 1 (2016) (providing that admission of family members' opinions as to sentencing in capital case violates the Eighth Amendment); *Kaczmarek v. State*, 120 Nev. 314, 338, 91 P.3d 16, 33 (2004) (similar). However, the brief statement came in the midst of an extensive penalty hearing. Further, she did not advocate a specific sentence as several of the sentences Vanisi faced would have kept him out of the community forever. *See* 1995 Nev. Stat., ch. 168, § 1, at 257 (providing that murder in the first degree is punishable by death, life imprisonment without the possibility of parole, and life imprisonment with the possibility of parole). Considering the brevity of the improper testimony as compared to the entirety of the trial, the nature of the crimes, and the compelling evidence supporting the aggravating circumstances, Vanisi cannot demonstrate any error affected the outcome of the penalty hearing. *See Newman v. State*, 129 Nev. 222, 236, 298 P.3d 1171, 1181 (2013) (providing erroneous admission of evidence harmless unless it had substantial and injurious effect on verdict). Therefore, he cannot demonstrate that postconviction counsel neglected to raise a meritorious claim.

*Stun belt*

Vanisi argues that postconviction counsel were ineffective for not arguing that trial and appellate counsel were ineffective for failing to challenge the use of the stun belt. We conclude that Vanisi did not

demonstrate that trial counsel were deficient in failing to demand a hearing because *Hymon v. State*, 121 Nev. 200, 111 P.3d 1092 (2005), and the decisions upon which it relies concerning the court's scrutiny of the use of stun belts, *see Gonzalez v. Pliler*, 341 F.3d 897 (9th Cir. 2003); *United States v. Durham*, 287 F.3d 1297 (11th Cir. 2002); *People v. Mar*, 52 P.3d 95 (Cal. 2002), had not been decided until after Vanisi's trial. *See Nika v. State*, 124 Nev. 1272, 1289, 198 P.3d 839, 851 (2008) ("[C]ounsel's failure to anticipate a change in the law does not constitute ineffective assistance of counsel even where the theory upon which the court's later decision is based is available, although the court had not yet decided the issue." (internal quotation marks omitted)). Moreover, as he does not identify what information he could not communicate to counsel, Vanisi fails to demonstrate that he was prejudiced.[6] *See Hymon*, 121 Nev. at 208, 111 P.3d at 1098 ("'The fear of receiving a painful and humiliating shock for any gesture that could be perceived as threatening likely chills a defendant's inclination to make any movements during trial – including those movements necessary for effective communication with counsel.'" (quoting *Durham*, 287 F.3d at 1305)). Therefore, the district court did not err in denying this claim of ineffective assistance of postconviction counsel.

---

[6]Citing to a statement obtained from former jurors, Vanisi also asserted that the belt affected their perception of him because some jurors saw the restraints and believed he was dangerous and some noted his flat affect as a result. However, in evaluating prejudice, courts use an objective measure and do not consider the deliberative process of the sitting jury. *See* NRS 50.065(2) (providing that the court may not consider testimony or statements of juror concerning the effect of any evidence on a juror's mental processes).

*Prosecutorial misconduct*

Vanisi contends that postconviction counsel were ineffective for neglecting to argue that trial and appellate counsel failed to address prosecutorial misconduct. To show prejudice based on counsel's failure to object, Vanisi must demonstrate that it is reasonably probable that, but for trial and appellate counsel's error, the result of trial or direct appeal would have been different. *Strickland*, 466 U.S. at 694.

First, Vanisi contends that the prosecutor repeatedly aligned himself with the jury throughout his argument during the guilt phase of trial by using "we," "us," and "our" throughout his argument. However, Vanisi fails to specifically identify any single instance of the prosecutor's use of this language which he contends amounts to the State aligning itself with the jury, *see Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 997, 860 P.2d 720, 725 (1993) ("This court need not consider the contentions of an appellant where the appellant's opening brief fails to cite to the record on appeal."). Further, a review of the argument reveals that the prosecutor uses the language, such as the collective "we," to describe the prosecution as a whole or uses the terminology as a rhetorical device, which is permissible. *See Snow v. State*, 101 Nev. 439, 447-48, 705 P.2d 632, 638-39 (1985) (recognizing that prosecutor's use of "we" not improper when merely a rhetorical device). Moreover, the prosecutor did not persistently use "we," but many times used language that differentiated the State from the jury. As Vanisi failed to demonstrate that the arguments were improper, he failed to demonstrate that postconviction counsel omitted a meritorious challenge to trial or appellate counsels' performance. *See*

*Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (stating counsel is not ineffective for failing to make futile objections).

Second, Vanisi argues that the prosecution improperly pointed out the absence of a mitigating circumstance. As it is misconduct for the prosecutor to point out the lack of evidence of mitigating circumstances, *see State v. DePew*, 528 N.E.2d 542, 557 (Ohio 1988) (providing that the State may not comment on mitigating factors not raised by defendant); *see also Turner v. Calderon*, 281 F.3d 851, 869 (9th Cir. 2002) (providing that a prosecutor may not argue that the lack of mitigating circumstances be treated as an aggravating circumstance), this comment was improper. Nevertheless, Vanisi cannot demonstrate that counsel were ineffective for not challenging the comment. Given the brevity of the comment, it did not "so infect[ ] the proceedings with unfairness as to make the results a denial of due process." *Hernandez v. State*, 118 Nev. 513, 525, 50 P.3d 1100, 1108 (2002). Therefore, trial counsel's decision not to object and appellate counsel's decision not to challenge the comment were not objectively unreasonable. *See Ennis*, 122 Nev. at 706, 137 P.3d at 1103; *Bussard v. Lockhart*, 32 F.3d 322, 324 (8th Cir. 1994) (observing that decision whether to object to prosecutorial misconduct is a strategic one and "must take into account the possibility that the court will overrule it and that the objection will either antagonize the jury or underscore the prosecutor's words in their minds"). As the trial- and appellate-counsel claims lack merit, postconviction counsel did not provide ineffective assistance by omitting them.

Third, Vanisi argues that the prosecution improperly asserted that justice requires the imposition of the death penalty. We disagree.

The prosecutor did not assert that the jury had a duty to return a verdict of death in violation of *Evans v. State*, 117 Nev. 609, 633, 28 P.3d 498, 515 (2001). Instead, the prosecutor argued that in a case like this, the defendant deserved the harshest sentence, which is permissible. *See Williams v. State*, 113 Nev. 1008, 1022, 945 P.2d 438, 446 (1997) (observing that "the prosecutor is permitted to argue that the only appropriate penalty is death"), *amended on other grounds by Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000). Therefore, postconviction counsel did not omit a meritorious trial- or appellate-counsel claim.

### *Voir Dire*

Vanisi asserts that postconviction counsel were ineffective for failing to assert that trial counsel were ineffective during voir dire and appellate counsel were ineffective for not challenging district court rulings during voir dire. We conclude that, as Vanisi fails to show that any of the seated jurors were not impartial, *see Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (stating that "[i]f the impaneled jury is impartial, the defendant cannot prove prejudice" resulting from the district court's limitation of voir dire), he fails to demonstrate that he was prejudiced by trial counsel's performance or appellate counsel's failure to raise any jury-selection issue on appeal. In particular, Vanisi identifies only one sitting juror who he claims was disposed to find him guilty or impose the death penalty. However, the record belies that claim. Although the juror acknowledged that it would be difficult to serve as a juror as she had relatives in law enforcement, she stated that she could try and put these feelings aside and render judgment based solely on the evidence. She could also set aside what she learned about the case in the news and base

her decision solely on the evidence at trial. Although she admitted that she may give a police officer's testimony more weight, she believed that the longer she considered her role as juror, the "more impartial" she became. When questioned about the death penalty, she stated that she believed death to be an appropriate penalty for the murder of a police officer, but, she would not close her mind to further evidence or instructions of law. As Vanisi failed to demonstrate that postconviction counsel neglected to raise meritorious claims, the district court did not err in denying this claim.

*Venue*

Vanisi argues postconviction counsel were ineffective for failing to claim that trial counsel were ineffective for not renewing their motion to change venue and appellate counsel was ineffective for not arguing the error on appeal. We conclude that Vanisi fails to demonstrate deficiency or prejudice as there was no basis for a change of venue. Some potential jurors noted that they had a passing familiarity with the facts of the case through media reports. However, the trial record did not indicate that the media had become so saturated with news of Vanisi's case as to overcome the presumption of impartiality. Notably, no seated juror indicated that the publicity would prevent them from acting impartially. Therefore, any effort to change the venue would not have met with success. *See Sonner v. State*, 112 Nev. 1328, 1336, 930 P.2d 707, 712 (1996) (providing that a defendant seeking to change venue must not only present evidence of inflammatory pretrial publicity but must demonstrate actual bias on the part of the jury empaneled), *modified on rehearing on other grounds by* 114 Nev. 321, 955 P.2d 673 (1998). Accordingly, Vanisi

failed to demonstrate that postconviction counsel omitted a meritorious claim.

*Probable cause determination*

Vanisi argues that postconviction counsel were ineffective for neglecting to claim that trial and appellate counsel failed to argue that the lack of a probable cause determination regarding the aggravating circumstances rendered his sentence unconstitutional. The Nevada Constitution does not mandate that aggravating circumstances be charged in an indictment or information and subjected to a pretrial probable cause determination.[7] Therefore, it naturally follows that they need not be subjected to a pretrial probable cause determination. Accordingly, Vanisi failed to demonstrate that trial and appellate counsel acted deficiently and that postconviction counsel neglected to raise a meritorious claim.

*Photographs*

Vanisi contends that postconviction counsel were ineffective for not arguing that trial and appellate counsel failed to argue that the trial court erred in admitting gruesome photographs. We conclude that this claim lacks merit. Although the autopsy photographs are gruesome, trial and appellate counsel would not have been able to demonstrate that the district court abused its broad discretion in admitting them because

---

[7]In federal prosecutions, the government is required to charge aggravating circumstances in the indictment based on the Fifth Amendment's grand jury clause, *see United States v. Cotton*, 535 U.S. 625, 627 (2002), however, this clause does not apply to the states, *see Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3 (2000); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972).

the evidence was relevant and not unfairly prejudicial. *See Byford*, 116 Nev. at 231, 994 P.2d at 711; *see also Libby v. State*, 109 Nev. 905, 910, 859 P.2d 1050, 1054 (1993) (providing that even gruesome photographs may be admitted "as long as their probative value is not substantially outweighed by their prejudicial effect"), *vacated on other grounds*, 516 U.S. 1037 (1996). The photographs assisted the medical examiner in testifying about Sergeant Sullivan's cause of death and the manner in which he received the injuries. Further, they were necessary to prove the mutilation aggravating circumstance. Because there were no grounds upon which to challenge the admission of the photographs, trial and appellate counsel were not deficient. Consequently, the district court did not err by denying this claim of ineffective assistance of postconviction counsel.

### Cumulative error

Vanisi argues that the district court erred in denying his claim that the cumulative effect of errors by trial, appellate, and postconviction counsel rendered his conviction invalid. Vanisi has cited no authority that requires this court to consider the cumulative effect of defaulted claims of ineffective assistance of trial and appellate counsel. As we have found only one error related to postconviction counsel, there is nothing to cumulate.

### Fundamental miscarriage of justice

Vanisi argues that he can avoid the procedural bars because he is actually innocent. When a petitioner cannot demonstrate good cause, the district court may nonetheless excuse a procedural bar if the petitioner demonstrates that failure to consider the petition would result in a

fundamental miscarriage of justice. *Berry v. State*, 131 Nev., Adv. Op. 96, 363 P.3d 1148, 1154 (2015); *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). When claiming a fundamental miscarriage based on actual innocence, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him absent a constitutional violation." *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. In this context, "actual innocence means factual innocence, not mere legal insufficiency." *Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006) (internal quotation marks and alteration omitted). This requires the petitioner to present new evidence of his innocence. *See House v. Bell*, 547 U.S. 518, 537 (2006) ("[A] gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthiness eyewitness accounts, or critical physical evidence—that was not presented at trial.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)); *Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

*Actual innocence of first-degree murder*

Vanisi contends that he is actually innocent of first-degree murder as newly discovered psychological evidence demonstrates that he could not have deliberately committed the murder but instead was suffering from delusional thinking.

We conclude that Vanisi failed to make a colorable showing of actual innocence. The evidence submitted with the petition suggests that Vanisi's mental health deteriorated several years before the crime. He

SUPREME COURT
OF
NEVADA

(O) 1947A

engaged in delusional and bizarre behavior. Professionals opined that Vanisi appeared to have had a psychotic break, developed schizoaffective disorder, and was suffering from a state of chronic mental illness at the time of the killing. They did not believe him to have been "fully sane" at the time of the crime. However, the evidence produced at trial supports a conclusion that the murder was premeditated. Vanisi repeatedly told people that he planned to kill a police officer. He purchased an ax, and during that purchase, told those who were with him that he planned to use it to kill a police officer. Vanisi later attacked the victim, a UNR police officer, after he completed a traffic stop. These actions do not indicate that Vanisi's psychological issues rendered him unable to know the nature and quality of his acts or that he did not have the capacity to determine right from wrong. *Clark v. State*, 95 Nev. 24, 27-28, 588 P.2d 1027, 1029 (1979). Therefore, the district court did not err in dismissing his petition as procedurally barred.

*Actual innocence of the death penalty*

Vanisi argues that the district court erred in denying his claim that he is actually innocent of the death penalty. He asserts that the mutilation aggravating circumstance was improperly applied to his case. Additionally, he asserts that had prior counsel presented mitigation evidence, he would not have been sentenced to death.

We conclude that Vanisi did not demonstrate a fundamental miscarriage of justice. For Vanisi to succeed on his argument that he is actually innocent of the death penalty, all of the aggravating circumstances found by the jury must be deemed invalid—as long as one aggravating circumstance remains, he is death eligible. *See Lisle v. State*,

Supreme Court
of
Nevada

(O) 1947A

23

131 Nev., Adv. Op. 39, 351 P.3d 725, 731-33 (2015); *see also* NRS 200.030(4)(a). Even if this court were to agree with Vanisi's arguments, only one of the three aggravating circumstances would be invalidated. Because there would be two remaining aggravating circumstances, the actual-innocence claim fails. As the remainder of the claim relates to the mitigation evidence, it is not an appropriate basis for an actual innocence claim. *See Lisle,* 131 Nev., Adv. Op. 39, 351 P.3d at 733-34.

Having considered Vanisi's contentions and concluding that some relief is warranted, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc: Hon. Connie J. Steinheimer, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVAOA

(O) 1947A